CITY OF SAN ANTONIO v. JESSIE W. WHITTEN.

No. A-7645. Decided July 20, 1960.
Rehearing Overruled October 5, 1960.
(338 S.W. 2d Series 118)

*Carlos C. Cadena,* City Attorney of San Antonio, and *Charles L. Smith,* Assistant City Attorney, for petitioners.

The Court of Civil Appeals erred in holding that the City of San Antonio acted in bad faith in passing the ordinances in question which reduced the salaries of the claimants to $220.00 per month, and in holding that said ordinances were invalid. Gray v. Woodring Lumber Co., 197 S.W. 231; City of San Antonio v. Walters, 253 S.W. 544; City of San Antonio v. Hanley, 308 S.W. 2d 608.

*Adrian A. Spears,* of San Antonio, for respondents.

MR. JUSTICE NORVELL delivered the opinion of the Court.

This case involves the validity of an ordinance of the City of San Antonio adopted March 19, 1958 which fixed the monthly salary of respondents at the statutory minimum of $220.00 per month from and after March 15, 1958. The respondents, twelve in number, recovered summary judgments for varying amounts in accordance with differences between a pay schedule in force prior to August 22, 1957 and the minimum provided by the

1958 ordinance.[1] The Court of Civil Appeals has affirmed. 330 S.W. 2d 210. The opinion in San Antonio v. Handley, Texas Civ. App., 308 S.W. 2d 608, wr. ref., sets out in some detail the history of respondents' difficulties with the City of San Antonio and renders a lengthy account of the controversy unnecessary here.

We start with the proposition that respondents are all classified employees of the Police Department of the City of San Antonio and entitled to the rights and privileges of the Civil Service Act. Article 1269m, Vernon's Ann. Texas Stats., and the protection of the Minimum Wage Act relating to Firemen and Policemen, Article 1583-2, Vernon's Ann. Penal Code. By serving six months in their respective jobs, respondents held classified civil service positions. See, Article 1269m, section 12, prior to the 1957 amendment thereto by Acts 55th Leg., ch. 391, p. 1171. City of San Antonio v. Handley, supra. Up to March 15, 1958 respondents were paid at a higher rate than the statutory minimum. After that they were compensated at the minimum permitted by state law.

■ This Court has held that one holding a classified position cannot be deprived of his rights under the civil service law by a mala fide attempt to abolish the position held by him. We pointed out that an enactment by the State Legislature could not be rendered ineffective or circumvented by municipal action abolishing classified civil service positions in order to get rid of unwanted employees and for no other purpose. City of San Antonio v. Wallace, 161 Texas 41, 338 S.W. 2d 153.

■ The problem in this case is one relating to wages. Except as controlled by higher legislative authority, the power of the municipal council is plenary. Here the City has neither violated nor evaded any state adopted wage policy.[2] Its council has simply acted within the scope of the legal powers delegated to it by the Legislature. In cases of this kind a court's inquiry into the

1.—By ordinance dated August 22, 1957, the City Council of the City of San Antonio provided that all members of the Police Department holding civil service positions other than those set out in Section One of the ordinance (that is, peace officers) should be entitled to the statutory minimum compensation of $220 per month, and the base wage of such persons was fixed at that amount. Apparently this ordinance is also applicable to respondents but need not be noticed as they were actually paid at the rate in force prior to August 22, 1947 until the effective date of the March 1958 ordinance.

2.—Perhaps under an extreme factual situation, it could be said that a drastic reduction in pay would be tantamount to the abolition of an office or position and could be in law regarded as such. That situation however is not presented by the present record.

good faith of a municipal action is to determine whether or not a state legislative policy is being violated or circumvented. While it is against state policy as expressed by Article 1583-2 of the Penal Code to pay less than the minimum standard, it is not contrary to the statute to pay the minimum required by law. We do not regard the action of the City Council as destroying a civil service classification although the wages for the particular work were reduced. A question of demotion is not involved. The City Council's control over wages is not subject to judicial control or correction unless the minimum wage act is violated or the statutory provision that all those in the same classification shall be paid the same wage is circumvented. Article 1269m, section 8.

Although the trial court overruled the City's motion for summary judgment, that action is not urged as error here. Not being in position to render summary judgment for the City, the cause will be remanded to the trial court.

The judgments of the trial court and the Court of Civil Appeals are reversed and the cause remanded to the District Court for further proceedings consistent with this opinion.

Opinion delivered July 20, 1960.

Rehearing overruled October 5, 1960.