**Erastus J. CLACK, Appellant,**

**v.**

**CITY OF SAN ANTONIO, and Firemen's and Policemen's Civil Service Commission, Appellees.**

No. 14839.

Court of Civil Appeals of Texas, San Antonio.

March 18, 1970.

Rehearing Denied April 8, 1970.

Earle Cobb, Jr., San Antonio, for appellant.

Howard C. Walker, Crawford B. Reeder San Antonio, for appellees.

BARROW, Chief Justice.

Appellant, Erastus J. Clack, appeals from a take-nothing judgment entered after a non-jury trial in his suit against appellees, City of San Antonio and Firemen's and Policemen's Civil Service Commission of said City, to recover damages consisting of unpaid salary and unpaid raises resulting to him because of alleged discrimination by refusing to grant him departmental-wide pay raises.

This suit presents another phase of the extensive litigation brought about by the reluctance of the City to recognize that all members of the Police Department, including the non-law enforcement personnel, were included in the provisions of the Policemen's and Firemen's Civil Service Act adopted by the Fiftieth Legislature, Article 1269m, Vernon's Ann.Civ.St. See City of San Antonio v. Wiley, 252 S.W.2d 471 (Tex.Civ.App.—1952, writ ref'd n. r. e.); City of San Antonio v. Hahn, 274 S.W.2d 162 (Tex.Civ.App.—Austin 1954, writ ref'd n. r. e.); City of San Antonio v. Castillo, 293 S.W.2d 691 (Tex.Civ.App.—San Antonio 1956, writ ref'd n. r. e.); City of San Antonio v. Handley, 308 S.W.2d 608, (Tex.Civ.App.—San Antonio 1957, writ ref'd); City of San Antonio v. Whitten, 161 Tex. 150, 338 S.W.2d 119 (1960); City of San Antonio v. Kneupper, 161 Tex. 153, 338 S.W.2d 121 (1960); City

of San Antonio v. Wallace, 161 Tex. 41, 338 S.W.2d 153 (1960).

Clack was employed as a custodial worker in the San Antonio Police Department when the Civil Service Act was adopted and was involved in some of the above litigation. As a result of such litigation he was found to hold a classified place as a custodial worker in the Police Department and included in the provisions of such Act. Clack commenced work in the Police Department as a laborer on August 1, 1949, at a salary of $120.00 per month. He was raised to $150.00 per month on July 1, 1951; to $160.00 per month on April 1, 1952; to $170.00 per month on March 16, 1955; to $179.00 per month on January 1, 1956; and to $190.00 per month on October 1, 1957. On March 16, 1958, he along with the other non-law enforcement employees of the Police Department, was placed on the payroll at the minimum statutory wage of $220.00 per month. See City of San Antonio v. Whitten, supra; Art. 1583–2, Vernon's Ann. Penal Code. His salary has remained at this base wage, although he has received longevity increments of $2.00 per year and now earns a total pay of $256.00.

Clack alleged that the cost of living has steadily increased since 1958 and that the City has granted regular increases in salary to all civil service employees with the exception of those involved in the above litigation who are identified as "court appointed employees." He alleged that the failure to grant him departmental-wide pay raises which were granted to offset the increase in the cost-of-living has had the effect of a demotion without a compliance with the provisions of the Act.

A somewhat similar question was presented in the City of San Antonio v. Whitten, supra, wherein the Court considered the validity of the ordinance which fixed the monthly salary of the "court appointed employees" at the statutory minimum of $220.-00 per month. Although Clack actually received a substantial pay raise as a result of such action, a number of other employees were substantially reduced in pay and they challenged the validity of such action as being an attempt to circumvent the Civil Service Act. In denying such challenge the Court said: "The City Council's control over wages is not subject to judicial control or correction unless the minimum wage act is violated or the statutory provision that all those in the same classification shall be paid the same wage is circumvented. Art. 1269m, § 8." In a footnote, the Court observed: "Perhaps under an extreme factual situation, it could be said that a drastic reduction in pay would be tantamount to the abolition of an office or position and could be in law regarded as such."

Clack is classified as a "Custodial Worker, Garage Attendant." There is no such classification as "court appointed employee" although the record demonstrates that despite the passage of almost twenty years since City's unsuccessful attempts to exclude the non-law enforcement employees of the Police Department from the Civil Service Act, the Personnel Director and Chief of Police still refer to such employees as "court appointed employees." Such identification and reference is wholly unwarranted under the Act and the result of the litigation challenging such Act. The Courts have repeatedly held that such employees hold classified positions and cannot be deprived of their rights under the Civil Service Act. The City will not be permitted to circumvent the statutory requirement that all those in the same classification shall be paid the same wage.

We have no evidence in the meager record before us to show that Clack has been treated any different than any other employee in his classification. No effort was made at the trial to show that any other employee in Clack's classification received a pay raise, or now receives a larger salary. To the contrary, the City Personnel Director testified that all employees in a given pay classification receive the same salary. The record is undisputed, however,

that law enforcement members of the police department have received frequent pay raises. The Chief of Police testified that this was necessary in order to keep the police ranks near the authorized level of strength because of the keen competition for police officers by other large Texas cities. On the other hand, he said the pay of Clack is competitively adequate for his type work and such position can be filled at this rate of pay.

We cannot say that this evidence shows as a matter of law that the Civil Service Law has been circumvented by the City's action in excluding the custodial workers from pay raises granted the police officers in such department. Nor does the record demonstrate such an extreme factual situation as to be tantamount to an abolition of Clack's position.

The judgment is affirmed.

CADENA, J., not participating.