**Hubert R. BRIGHTMAN et al., Appellees,**

v.

**The CIVIL SERVICE COMMISSION OF the CITY OF DES MOINES, Iowa, et al., Appellants.**

No. 55388.

Supreme Court of Iowa.

Feb. 21, 1973.

William D. Groteluschen, Des Moines, for appellants.

Stewart, Wimer, Brennan & Joyce, Des Moines, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

In 1966 the 33 plaintiffs in this case were detectives under civil service in the Des Moines police department. Des Moines ordinance 7427, effective December 26, 1966, gave them a five percent pay raise. They appealed to the civil service commission alleging the ordinance constituted an illegal demotion (under Code § 365.18) and denial of equal protection (under U.S. Const. amend. 14, § 1, and Iowa Const., Art. I, § 6) because it gave all other members of the police department ten percent raises and failed to equalize plaintiffs' pay with that of police sergeants.

The commission dismissed the appeal on the ground it was without jurisdiction to hear it. The jurisdiction question was ultimately presented to this court, and in Brightman v. Civil Serv. Com'n of City of Des Moines, 171 N.W.2d 612 (Iowa 1969), we held the commission had jurisdiction. The commission subsequently heard and denied the appeal. Plaintiffs appealed to district court under Code § 365.27, and trial court reversed the commission decision. It ordered that plaintiffs be given a ten percent rather than five percent pay raise, retroactive to the effective date of the ordinance.

The commission appeals. We reverse the trial court.

■ Our review is *de novo*. We give weight to trial court findings of fact but are not bound by them. Rule 344(f), R.C.P.

Ordinance 7427 was an outgrowth of a job classification and compensation study made for the city by Griffenhagen-Kroeger, Inc., consultants in business administration and finance. Its purpose was to determine if all city positions were properly classified and compensated. The consultants surveyed the positions, developed classification and compensation plans, and made salary recommendations.

Each city position was given a job description, including a definition, discussion of duties, and statement of employment standards. Positions carrying similar duties and responsibilities were put in the same class. Salary recommendations were keyed to classification. Jobs in private industry were selected as benchmarks for salary ranges assigned the various classes of municipal employment.

Detectives were placed in class 21, with a bi-weekly salary range of $234 to $284. Police sergeants were placed in class 23, with a salary range of $257 to $312. In ordinance 7427 the city council adopted the Griffenhagen-Kroeger, Inc. classification and compensation plans and salary recommendations.

The effect of the ordinance was to give all city employees raises from five to 20 percent. However all police department employees except detectives received ten percent raises.

■ I. *Were plaintiffs demoted by the ordinance?* Insofar as relevant here plaintiffs could not be demoted except "after a hearing by a majority vote of the civil service commission, for neglect of duty, disobedience, misconduct, or failure to properly perform [their] duties." § 365.18, The Code. They assert that giving them a lesser pay raise than other members of the police department served as demotion without compliance with the statute. The city denies they were demoted.

"To 'demote' means to reduce to a lower rank or grade." 3 McQuillin, Municipal Corporations, § 12.132 at 552 (Third Ed. 1963).

Plaintiffs' theory of demotion is premised on the disparity of pay increase and on an argument that historically detectives were paid as much as sergeants. Detectives had in fact been paid as much or more than sergeants for about 60 years

prior to 1965. It was only in the latter part of the period that the positions were put under civil service. Sergeants were covered as of January 1, 1953, and detectives as of July 1, 1959. Each subsequent salary ordinance set the pay for sergeants higher than that for detectives, but until March 8, 1965, the detectives successfully prevailed upon the city actually to pay them the same as sergeants. As of that date a new pay ordinance took effect, based on a salary survey, which increased the pay of sergeants 13 percent and detectives 7.7 percent. An attempted appeal by the detectives was aborted on jurisdictional grounds. See Antrim v. Civil Service Com'n of City of Des Moines, 261 Iowa 396, 154 N.W.2d 711 (1967).

It is undisputed that at least since the positions have been under civil service sergeants rank higher in the chain of command than detectives. Plaintiffs acknowledge that sergeants are the immediate supervisors of detectives. Sergeants have greater supervisory and administrative responsibilities. Employment standards for the position of sergeant are higher. There is no question that the positions are different and that sergeants have an employment status above that of detectives.

■ Accordingly the city was justified in putting the positions in different compensation classifications, and it follows that those in the higher classification can be paid more. "The power to fix the compensation of municipal officers and employees has been deemed to include the power to adjust or regulate, and to imply the plenary right to act by lowering or raising salaries." 4 McQuillin, Municipal Corporations, § 12.196 at 89 (1968). Only those in the same class have a right to be paid alike. Denial to those in one classification of a raise given to those in another is not a demotion. Clack v. City of San Antonio, 452 S.W.2d 502 (Tex.Civ.App. 1970).

We are unable to find any basis to conclude that plaintiffs were demoted within the meaning of Code § 365.18 when they were not given as high a raise as other members of the police department.

■ Similarly, we do not believe there is any justification for saying that because those carrying the title of detective were for a long time paid as much or more than those carrying the title of sergeant they have a vested right to continue to receive the same wage. The positions have changed over the years and today the relative duties and responsibilities are such that the city is justified in classifying and compensating sergeants at a higher level than detectives. The object of civil service classification is equality of treatment within a class, not between classes. 15 Am. Jur.2d Civil Service § 29.

Trial court erred in holding plaintiffs were demoted by ordinance 7427.

II. *Did the ordinance deny plaintiffs equal protection?* Plaintiffs contend the pay disparity constitutes proscribed class legislation, relying on United States Constitution, Amendment 14, section 1 and Iowa Constitution, Article 1, § 6. Trial court agreed. We do not.

■ Civil service legislation requires classification of positions. The constitutional equal protection safeguard requires that the line drawn be a rational one, and that there be nondiscriminatory application of the law within the class established. Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968); Cedar Mem. Park Cem. Ass'n v. Personnel Assoc., Inc., 178 N.W.2d 343, 350 (Iowa 1970).

■ Plaintiffs treat the class involved here as the whole police department and argue the salary disparity demonstrates discrimination within the class. They embark from a false premise because they apply the equal protection standard to the wrong class. The ordinance serves to subdivide the police department into a number of separate classes by establishing different compensation classifications for city

positions with materially different duties and responsibilities. The positions of sergeant and detective were put in different classes. Even plaintiffs acknowledge the substantial difference between the positions of sergeant and detective. The city drew a rational line in putting them in separate classes. In addition, those within each class are treated equally by ordinance 7427. Therefore the disparate compensation classification meets the equal protection standard.

Trial court erred in holding the ordinance unconstitutional.

We have considered all of plaintiffs' arguments to sustain the decree of the trial court and find them without merit. The case must be reversed.

Reversed.