**STATE OF COLORADO, COUNTY OF JEFFERSON, ex rel. Judy GRAHAM, Appellant,**

v.

**Daniel George BRAMMER, Appellee.**

**No. 65152.**

Supreme Court of Iowa.

Feb. 18, 1981.

David L. Leitner, Asst. Franklin County Atty., for appellant.

Richard Allbee, of Coonley & Coonley, Hampton, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK, and SCHULTZ, JJ.

HARRIS, Justice.

This proceeding was brought under the uniform support of dependents law, chapter 252A, The Code 1979. Iowa is the responding state. Colorado, which has a similar uniform act, is the initiating state. The trial court dismissed the proceeding when the petitioner failed to respond on time to a request for admissions. Colorado failed to controvert the respondent's denial of paternity. On the basis of that denial the district court held that nonpaternity was established. We reverse the district court and remand for further proceedings.

On February 14, 1979, Judy Graham filed a complaint in Jefferson County, Colorado, under Colorado's uniform reciprocal enforcement of support act. The appropriate papers were then sent from Colorado to the clerk of court in Franklin County, Iowa.

They were filed in Franklin County on February 22, after which the respondent, Daniel George Brammer, was served with an original notice.

The respondent answered, denying all material allegations. Thereafter, on October 15, the petitioner's requests for admissions were filed with the Franklin County district court and served upon respondent's attorney, together with a number of interrogatories. On October 30, 1979, respondent filed answers to the requests for admissions and, on January 30, served answers to the interrogatories.

On November 20, the respondent in turn filed with the court and served upon petitioner's representative a number of requests for admission. Paragraph 2 read as follows: "That the defendant, Daniel George Brammer, is not the father of the named child, Brian L. Graham, born December 8, 1977, in Denver, Colorado." The requests for admission were forwarded to the office of the district attorney, support enforcement division, in Lakewood, Colorado. That office was representing the petitioner in Colorado.

These requests for admission were not answered until March 18, 1980, when most of them, including paragraph 2, were denied. On March 20, 1980, the respondent filed a motion for summary judgment based on the contention that, by failing to deny the matters of fact requested within 30 days provided by Iowa R.Civ.P. 127, each of those matters of fact were deemed admitted. With the respondent's paternity thus denied, there remained no genuine issue of material fact. The district court agreed that, because of the lateness of the petitioner in responding to the request, those facts for which admissions were requested were deemed admitted under R.Civ.P. 127 and 128. Hence the district court ruled no germane issues of material fact remained to be determined. Summary judgment was entered against the petitioner. This appeal followed.

I. Under Iowa R.Civ.P. 127 a party may serve written requests for admissions of any matter which would be subject to discovery. Any request not satisfactorily answered, under the rule, is deemed admitted. Under rule 128 any matter admitted is conclusively established in the pending action unless the court on motion permits withdrawal or amendment of the admission.

These rules provide an effective and salutary method to establish any matters about which there is not really a dispute. *Sandhorst v. Mauk's Transfer, Inc.*, 252 N.W.2d 393, 400 (Iowa 1977); *Committee on Prof. Ethics, Etc. v. Roberts*, 246 N.W.2d 259, 261 (Iowa 1976). The rule has general application to actions but should not have been applied in this special proceeding.

■ A proceeding under the uniform support of dependents law, chapter 252A is a special one.

The act provides for both a civil and criminal enforcement of the duties of support. The comment has been made that the judicial function in the civil support proceedings contemplated by the act is divided: that the statute envisages the commencement by the obligee of the action in the initiating state, with the determination there that the court of another state may obtain jurisdiction of the defendant or his property; and that then upon certification to the responding state the court thereof assumes jurisdiction, sets the matter for hearing, and makes the appropriate order.

23 Am.Jur.2d, Desertion and Nonsupport, § 128, pp. 1002–03. But there is a limitation to the purpose and effect of the act. No order for support issued by the responding state will supercede any other order for support. 23 Am.Jur.2d, Desertion and Nonsupport, § 147. *See also* § 252A.8, The Code.

■ It did not lie within the authority of the Iowa court, as the responding state, to adjudicate nonpaternity on the basis of a violation of rule 127. The statutory scheme contemplates that disputes might arise as to many matters, such as paternity. When disputes do arise the function of the responding state court is quite clear and its authority carefully circumscribed:

If at such hearing the respondent controverts the petition and enters a verified denial of any of the material allegations thereof, the judge presiding at such hearing shall stay the proceedings and transmit to the judge of the court in the initiating state a transcript of the clerk's minutes showing the denials entered by the respondent.

§ 252A.6(6), The Code.

After the matter has been returned to the initiating state, in this case Colorado, the initiating state holds a hearing and receives proof and evidence to make the initial determination on those matters which might be in dispute. Upon that initial determination the matter then would be returned to the responding state, in this case Iowa, together with the recommendations of the initiating state. § 252A.6(7), The Code. It is only upon receipt of the transcript that the responding state is to proceed:

> Upon the receipt of such transcript, the court in the responding state shall resume its hearing in the proceeding and shall give the respondent a reasonable opportunity to appear and reply.

§ 252A.6(8), The Code. It is at this point that the respondent is given access to some, though not all, of Iowa's procedural rules. Section 252A.6(9) provides:

> Upon the resumption of such hearing, the respondent shall have the right to examine or cross-examine the petitioner and the petitioner's witnesses by means of depositions or written interrogatories, and the petitioner shall have the right to examine or cross-examine the respondent and the respondent's witnesses by means of depositions or written interrogatories.

The respondent thus appearing in the proceeding in the responding state is then given the right to take depositions or to file written interrogatories. But the right to such things as a request for admissions under rule 127 are conspicuously, and we think deliberately, omitted. A reason for the omission is the continuing interest and secondary jurisdiction of the initiating state. In some cases the public interest in the initiating state is more than the casual one of initial jurisdiction. Public funds might be involved by way of assignment for public support. *See* § 252A.13, The Code.

On this record it was error for the trial court to adjudicate nonpaternity on the basis of a rule 127 violation. The trial court should have set the matter for hearing. With the petition controverted by the respondent's verified denial, this proceeding should be stayed and the matter transferred back to Colorado under section 252A.6(6) for an initial proceeding there.

The judgment of the trial court is reversed and the case is remanded for further proceedings in conformance herewith.

**REVERSED AND REMANDED.**