**STATE of Iowa, ex rel. Candy S. BISHOP, Appellee,**

v.

**Daniel D. TRAVIS, Appellant.**

No. 65084.

Supreme Court of Iowa.

June 17, 1981.

Robert F. Heimer, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., John R. Martin, Asst. Atty. Gen., William E. Davis, Scott County Atty., and Gregory S. Jager, Asst. Scott County Atty., for appellee.

HARRIS, Justice.

Respondent believes a jury, not the court, should determine whether he is the father of petitioner's child. Two methods to establish paternity are provided by alternative Iowa statutes. Traditional actions have long been provided by what is now chapter 675, The Code 1981. Under section 675.18, either party can demand a jury trial, a right in existence since the 1851 Code. Paternity can now also be established as an adjunct to a proceeding under chapter 252A, The Code (uniform support of dependents law). *Greenstreet v. Clark*, 239 N.W.2d 143, 147 (Iowa 1976). But where a proceeding to establish paternity is brought under chapter 252A, there is no right to a jury. *Id.* at 148. This appeal turns on whether the denial of the right under one chapter, when contrasted with the right granted under the other chapter, is a denial of equal protection of the laws. The trial court thought not and we agree.

The State, in behalf of the petitioner Candy Bishop, brought this action under chapter 252A to compel support of Candy's child. The petition specifically asks that the court find respondent to be the father of petitioner's child. Respondent answered, denying all relevant allegations and also filed a demand for a jury trial to determine the question of paternity. Petitioner resisted the demand, stating that no right to a jury trial existed in a 252A proceeding under our holding in *Greenstreet.* Replying, the respondent alleged that the denial violated his right to equal protection of the laws. The question was submitted to the trial court which entered an order denying the jury demand. On respondent's application we granted permission to bring this interlocutory appeal.

I. A right to a jury trial, if it arises only by virtue of statute, is not fundamental. The first question then is whether a right to a jury trial on a particular controversy existed at common law. *Iowa National and Mutual Insurance Co. et al. v. Mitchell*, 305 N.W.2d 724 (Iowa 1981). Paternity proceedings are entirely statutory. 10 C.J.S. Bastards § 32 p. 144. We have never considered our statute to be criminal in nature. *Holmes v. The State*, 2 G. Greene 501 (1850). We therefore believe the rational basis test, not strict scrutiny, should be applied. It is not, as respondent suggests, a question involving a fundamental right of family.

We have often quoted the following as a standard for the rational basis test:

Plaintiffs have assumed a heavy burden as the following propositions are well established. Ordinarily, statutes, with notable exceptions not here involved, regularly enacted by the legislature will be accorded a strong presumption of constitutionality and all reasonable intendments must be indulged in favor of the validity of the legislation attacked. One who challenges legislation on constitutional grounds has the burden to negate every reasonable basis upon which the statute may be sustained. Where the constitutionality of a statute is merely

doubtful or fairly debatable, the courts will not interfere. Thus a statute will not be declared unconstitutional unless it clearly, palpably and without doubt, infringes the constitution. [Authorities.] The legislature is given wide discretion in defining the limits of classes when a statute involves classification of persons or things. If a classification is reasonable and operates equally upon all within the class, it is a valid classification. [Authority.]

*Keasling v. Thompson,* 217 N.W.2d 687, 689 (Iowa 1974). In *City of Waterloo v. Selden,* 251 N.W.2d 506, 508 (Iowa 1977) we said:

All presumptions are in favor of the constitutionality of the statute and it will not be held invalid unless it is clear, plain and palpable that such decision is required. The legislature may pass any kind of legislation it sees fit so long as it does not infringe the state or federal constitutions. Courts do not pass on the policy, wisdom, advisability or justice of a statute. The remedy for those who contend legislation which is within constitutional bounds is unwise or oppressive is with the legislature. The burden is not upon defendant Selden and intervenor state appeal board to prove the act is constitutional. Plaintiffs have the burden to demonstrate beyond a reasonable doubt the act violates the constitutional provision invoked and to point out with particularity the details of the alleged invalidity. To sustain this burden plaintiffs must negative every reasonable basis which may support the statute. [Authority.] Every reasonable doubt is resolved in favor of constitutionality. [Authority.]

The two chapters, 252A and 675, cover the same ground only in part. While economic necessities of children perhaps provide most of the impetus for actions under either chapter, there is a difference in their immediate aims. The essential function of the older chapter, 675, is to establish a parent-child relationship. The chapter served to enforce support for no other relationship, such as for husband and wife. The older chapter suffered another short-

coming in our increasingly mobile society. It could not effectively reach across the state lines.

The act states that its purposes are to improve and extend by reciprocal legislation the enforcement of the duties of support and to make uniform the law with respect thereto.... [T]he purpose of the act ... is to compel performance by one under duty to support dependents in another state, and not primarily to subject him to criminal punishment for a past offense. The act is designed to enable a dependent in one state to initiate proceedings in the state of his domicil for the purpose of securing money for support from a person residing in another state who is legally liable for the support of such dependent.

23 Am.Jur.2d, Desertion and Nonsupport, § 128, p. 1002. We recently pointed out the mechanics of the proceeding under chapter 252A in another context in *State of Colo., etc. v. Brammer,* 301 N.W.2d 715 (Iowa 1981).

There are specific differences between the two chapters which, while perhaps not controlling, indicate that they have differing ranges. For example chapter 675 obligates only mothers and fathers; chapter 252A obligates others as well, such as spouses, grandparents and grandchildren.

Seen in this light, the State can claim a legitimate interest in providing a nonjury proceeding in a chapter 252A action. As explained in *Brammer* the system under the chapter presupposes the sending back to the initiating state the information gathered in the responding state. There is a provision whereby the initiating state can in turn gather further evidence to be forwarded to and considered by the court in the responding state. It becomes much more difficult to present the question to a jury under such a procedure.

In refusing to provide a jury under the uniform act the legislature might well have had an eye on section 252A.13 under which public funds become involved by way of assignment for public support. The need

for the public to have an efficient collection system to reimburse for public funds expended takes on considerable significance as those obligated move from one state to another.

Of course this proceeding, like many brought under chapter 252A, is not interstate. Iowa could have elected to enforce support under the old chapter, thus according respondent a right to a jury. But we think the legislature had the right to provide a nonjury system available for both interstate and intrastate actions. The theory of chapter 252A is that needs should be met promptly for dependents—where they are—and should be enforced against those obligated—wherever they might be found.

■ We believe the legislature acted within its authority, under the rational basis test, in concluding that a jury trial might be allowed for a traditional paternity action and yet denied for a paternity question in a proceeding under chapter 252A.

AFFIRMED.

All justices concur except McCORMICK and ALLBEE, JJ., who dissent.

McCORMICK, Justice (dissenting).

It was not necessary for respondent to establish that the denial of a right to jury trial under chapter 252A violates equal protection in every situation in which the statute might be applied. It was sufficient for him to demonstrate that the refusal of a jury trial infringed equal protection as the statute was applied to him. Because I believe respondent met his burden, I would hold that the trial court erred in overruling his request for jury trial.

The State concedes it had two alternative remedies in seeking adjudication of the paternity and support issues. It has standing to pursue these remedies even if the child has not received public assistance. *See* §§ 252A.6, 675.19, The Code. It also has standing under each chapter when public assistance has been provided. *See* §§ 252A.5(5), .13, 675.8. The only difference in the mechanism for adjudication when the parties reside in Iowa is that no right to jury trial is recognized when the action is brought under chapter 252A.

For this discrimination to be justified, it must be rationally related to some difference in the legitimate objectives of the statutes. *Baxstrom v. Herold*, 383 U.S. 107, 111, 86 S.Ct. 760, 763, 15 L.Ed.2d 620, 624 (1966) ("Equal protection does not require that all persons be dealt with identically, but it does require that a distinction made have some relevance to the purpose for which the classification is made."); *Brightman v. Civil Service Commission*, 204 N.W.2d 588, 591 (Iowa 1973) ("The constitutional equal protection safeguard requires that the line drawn be a rational one . . . .").

The discrimination in *intrastate* cases is not rationally related to objectives of chapter 252A in *interstate* cases. No procedural difference exists between intrastate actions under chapters 252A and 675 except that the right to jury trial is not provided in chapter 252A. When an intrastate action is brought to obtain support for a dependent child, as in the present case, no ground exists for differentiating between the legislature's objectives in the two statutes. The minor substantive differences affecting the support award have no rational connection to the presence or absence of a jury.

I would hold that a respondent in an intrastate chapter 252A case has a right to jury trial when he would have that right if the same action were brought under chapter 675. Denial of the right infringes his right to equal protection under U.S.Const. amend. XIV and Iowa Const. art. I, § 6.

If the legislature deems jury trials to be inconvenient or inefficient in paternity cases, it has the prerogative of amending chapter 675 to withdraw the right. This court does not have constitutional authority to nullify the right by permitting jury trials to be denied in identical actions under chapter 252A.

ALLBEE, J., joins this dissent.