STATE ex rel. Patricia J. RAKE, Appellant,

v.

John OHDEN, Appellee.

No. 83–486.

Supreme Court of Iowa.

April 11, 1984.

the child's minority. The narrow question here is whether it is constitutional to provide a limitation in one chapter and not in the other. The trial court determined it was. We hold it is not.

The parties have been before us previously. The State first brought this as an equitable action under the uniform act, chapter 252A, on behalf of Patricia and against her child's putative father, a resident of Arizona. The petition sought a determination of paternity and an award of child support. That action ran afoul of an order entered in Arizona after the putative father denied paternity. *Cf.* Iowa Code § 252A.6(6). The Arizona order stated: "This matter is *vacated* since the respondent has denied being the father of the child." (Emphasis added.)

The district court in Iowa then granted, without comment, a motion to dismiss filed by the respondent. The petitioner appealed. In an unpublished opinion we reversed and indicated that we read the Arizona order merely to set the proceeding aside until paternity was established. We held the action should not be dismissed in Iowa until a final determination in the responding state. *State ex rel. Rake v. Ohden,* 324 N.W.2d 727 (Iowa 1982) (table).

On remand the district court allowed the petitioner to amend its petition to assert a separate claim under the paternity statute, Iowa Code chapter 675. Respondent answered on alternative bases. One claim was that the chapter 675 proceeding was barred by the two year statute of limitations set forth in section 675.33.

The petitioner then filed an application for adjudication of law points, asking the court to rule whether the two year statute of limitations is an unconstitutional violation of the equal protection clause of the fourteenth amendment of the United States constitution. On authority of our opinion in *State ex rel. Krupke v. Witkowski,* 256 N.W.2d 216 (Iowa 1977), the trial court upheld the constitutionality of section 675.33. Although the determination was not a final judgment, we allowed the petitioner to

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Sp. Asst. Atty. Gen., Robert R. Huibregtse, Asst. Atty. Gen., and R. Timothy Starken, Asst. County Atty., for appellant.

Ronald H. Schechtman, Carroll, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, LARSON, CARTER, and WOLLE, JJ.

HARRIS, Justice.

Separate chapters of the Iowa Code provide alternative procedures to establish paternity. Chapter 675, which sets up the more traditional procedure, contains a two year statute of limitations. *See* Iowa Code § 675.33 (1983). The alternative procedure is prescribed as a part of chapter 252A (uniform support of dependents law) and is subject to no statute of limitations during

appeal from it under rule of appellate procedure 1(c).

I. The trial court was correct in observing that we upheld the constitutionality of the two year statute of limitations found in section 675.33. *See id.* at 219–25. Since *Krupke,* however, the United States supreme court has invalidated two similar statutes of limitations in paternity and support actions. In both cases it found the statutes denied equal protection to illegitimate children.

*Mills v. Habluetzel,* 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982), involved a Texas statute which barred paternity suits brought on behalf of illegitimate children more than one year after their birth. In striking down the statute, the court explained:

> Our decision in [*Gomez v. Perez,* 409 U.S. 535, 538, 93 S.Ct. 872, 875, 35 L.Ed.2d 56, 60 (1973)] held that "a State may not invidiously discriminate against illegitimate children by denying them substantial benefits accorded children generally." ... Specifically, we held that a State which grants an opportunity for legitimate children to obtain paternal support must also grant that opportunity to illegitimate children. If *Gomez* and the equal protection principles which underlie it are to have any meaning, it is clear that the support opportunity provided by the State to illegitimate children must be more than illusory. The period for asserting the right to support must be sufficiently long to permit those who normally have an interest in such children to bring an action on their behalf despite the difficult personal, family, and financial circumstances that often surround the birth of a child outside of wedlock. It would hardly satisfy the demands of equal protection and the holding of *Gomez* to remove an "inpenetrable barrier" to support, only to replace with an opportunity so truncated that few could utilize it effectively.

*Id.* at 97, 102 S.Ct. at 1553, 71 L.Ed.2d at 776–77.

*Pickett v. Brown,* —— U.S. ——, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983), involved a Tennessee statute barring paternity and support actions brought more than two years after the child's birth. The Tennessee statute provided for two exceptions to the limitation period: when the putative father has voluntarily provided support or has acknowledged his paternity in writing, or when the child is, or is liable to become, a "public charge." The court gave four reasons for invalidating the statute:

> First, a two-year limitations period is only a small improvement in degree over the one-year period at issue in *Mills.*
>
> . . . .
>
> Second, the ["public charge" exception] undermine[s] the State's argument that the limitations period is substantially related to its interest in avoiding the litigation of stale or fraudulent claims.
>
> . . . .
>
> Third, Tennessee tolls most actions during a child's minority.
>
> . . . .
>
> Finally, the relationship between a statute of limitations and the State's interest in preventing the litigation of stale or fraudulent paternity claims has become more attenuated as scientific advances in blood testing have alleviated the problems of proof surrounding paternity actions.

*Id.* at ——, 103 S.Ct. at 2207–2208, 76 L.Ed.2d at 383–85.

The parties dispute whether the *Mills* and *Pickett* holdings mandate a reversal of our *Krupke* decision. It is suggested that, in two ways, the Iowa statutes can be distinguished from those in Texas and Tennessee. It is argued that our *Krupke* holding can therefore be allowed to stand. We consider these arguments in the divisions which follow.

II. Iowa Code section 675.33 does not include the "public charge" exception which seriously undermined the validity of the Tennessee statute. This exception, however, was only one of the reasons given for invalidating the statute in *Pickett.* Moreover, the supreme court has since

summarily vacated a Pennsylvania supreme court judgment and remanded the case for further consideration in the light of *Pickett. See Astemborski v. Susmarski,* — U.S. —, 103 S.Ct. 3105, 77 L.Ed.2d 1360 (1983). In that case the Pennsylvania court had upheld the constitutionality of a statute barring paternity suits brought more than six years after the child's birth. *See Astemborski v. Susmarski,* 499 Pa. 99, 451 A.2d 1012 (1982). That statute did not include the "public charge" exception.

III. The respondent also argues that, despite *Pickett,* section 675.33 is constitutional because any illegitimate child it bars can nevertheless bring a paternity suit under chapter 252A.

It is true a petitioner may bring a paternity suit under both chapters 675 and 252A, because neither action excludes the other. *See* Iowa Code §§ 252A.8 and 675.7. In *Stearns v. Kean,* 303 N.W.2d 408, 412 (Iowa 1981), we pointed out that section 675.33 has no effect on chapter 252A proceedings. We went on to hold that the general statute of limitations, Iowa Code section 614.1(4), also does not bar chapter 252A proceedings because of the operation of the minority tolling provision, Iowa Code section 614.8. *Id.* at 413.

It is clear that an illegitimate child who is barred from bringing a paternity and support suit under chapter 675 by reason of the two year statute of limitations is not foreclosed from bringing a chapter 252A paternity and support suit. The question, then, narrows to whether the denial of the chapter 675 remedy nevertheless deprives the child of equal protection.

■ Equal protection does not necessarily require the legislature to adopt parental support procedures for illegitimate children which are coterminous with those accorded legitimate children. *See Mills,* 256 U.S. at 96, 102 S.Ct. at 1553, 71 L.Ed.2d at 777. But any restrictions on the procedures available to illegitimate children must be substantially related to a legitimate state interest. *Id.* at 99, 102 S.Ct. at 1554, 71 L.Ed.2d at 777–78.

■ There are three major restrictions placed on an illegitimate child who is barred from bringing a chapter 675 paternity and support proceeding. First, a jury trial is not available under chapter 252A. *State ex rel. Bishop v. Travis,* 306 N.W.2d 733, 736 (Iowa 1981). Second, appellate review is not limited to "assigned error" under chapter 252A. *Heyer v. Peterson,* 307 N.W.2d 1, 4 (Iowa 1981). In some situations this may be a restriction. Third, there is a possibility, although we are not now called upon to decide the question, that an Iowa court's ability to obtain personal jurisdiction over a foreign respondent might be narrower under chapter 252A than under 675. *See Larsen v. Scholl,* 296 N.W.2d 785, 789–90 (Iowa 1980).

Respondent contends the first restriction is justified because of problems of proof in paternity actions commenced after two years. He argues the State might have a legitimate interest in ensuring that evidence of paternity is presented to a judge rather than a jury. According to this view, a judge would be less susceptible to prejudice of faded memories, witnesses who have died or disappeared, or lost or deteriorated evidence.

■ Even though the right to a jury trial in a paternity action is not fundamental, *Bishop,* 306 N.W.2d at 734, we do not subscribe to respondent's view. The *Mills* and *Pickett* decisions, as well as the remand of *Astemborski,* undermine the arguments regarding the inaccuracy or prejudice of proof in paternity cases not commenced within two years. We also note that the legislature does not deny the right to a jury trial in causes of action which, unlike chapter 675 proceedings, are tolled during the minority of the plaintiff. *See* Iowa Code § 614.8 (time for bringing action extended until one year after reaching majority). As the United States supreme court noted in *Pickett,* "[m]any civil actions are fraught with problems of proof, but Tennessee has chosen to overlook these problems in most instances in favor of protecting the interests of minors." *Pickett,*

—— U.S. at ——, 103 S.Ct. at 2208, 76 L.Ed.2d at 384.

■ We think the same reasons also undermine the legitimacy of a state interest in restricting the availability of a paternity action which can be reviewed on appeal only for assigned error, and through which a court might obtain personal jurisdiction over a foreign respondent. We are persuaded that these restrictions are not substantially related to a legitimate state interest. Accordingly, we hold that the two year statute of limitations, section 675.33, violates the equal protection clause of the fourteenth amendment of the United States constitution. The trial court erred in finding otherwise.

We reverse the holding of the trial court and remand the case for further proceedings.

REVERSED AND REMANDED WITH DIRECTIONS.