OPINION OF THE COURT
Kevin C. Fogarty, J.
The respondent in this proceeding, a paternity petition initiated almost 10 years after the birth of the child, moves to dismiss on the ground that the Statute of Limitations (Family Ct Act § 517 [a]) of five years has run. The petitioner mother relies upon the recent ruling of the United States Supreme Court in Pickett v Brown (462 US 1,103 S Ct 2199 [1983]); Mills v Habluetzel (456 US 91 [1982]); Astemborski v Susmarski (462 US 1127 [1983], vacating 499 Pa 99, 451 A2d 1012 [1982], on remand order reinstated 502 Pa 409, 466 A2d 1018 [1983]).
Notice has been given to the Attorney-General of the State pursuant to CPLR 1012 (b).
NATURE OF STATUTES OF LIMITATION
“Statutes of limitation find their justification in necessity and convenience rather than in logic * * * They are practical and pragmatic devices to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost * * * They are by definition arbitrary, and their operation does not discriminate between the just and the *852 unjust claim, or the voidable and unavoidable delay. They have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what is now called a ‘fundamental’ right or what used to be called a ‘natural’ right of the individual. He may, of course, have the protection of the policy while it exists, but the history of the pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control.” (Chase Sec. Corp. v Donaldson, 325 US 304, 314 [1945]; emphasis added.)
The present New York Statute of Limitations on paternity proceedings, Family Court Act § 517 (a), was enacted by the Legislature in response to the Supreme Court decision in Mills v Habluetzel (supra).
The two-prong test laid down by the United States Supreme Court in Mills v Habluetzel (supra) and Pickett v Brown (462 US 1, 103 S Ct 2199, supra) requires a “reasonable opportunity to sue” and a “substantial relation to the State’s interest in avoiding the litigation of stale or fraudulent claims.”
In Matter of Patricia R. v Peter W. (120 Misc 2d 986, 991 [1983]), Family Court Judge Schechter found that section 517 granting the Commissioner of Social Services a 10-year Statute of Limitations as against the 5 years for the mother of a child not on public assistance was not so substantial a difference from the Tennessee 18 years and 2 years (Pickett v Brown, supra), as to make the distinction any more rational.
Similarly, the court noted that the failure to toll the statute during the child’s minority was present in the New York as well. as the Tennessee statutes.
Finally, it noted that New York’s statutory scheme provides many safeguards including a high burden of proof which mitigate against possible injustice to a respondent caused by delay in the initiation of the proceeding.
While each of these may be true, it would appear that the Legislature was equally aware of such factors. It is their collective judgment that must be recognized, rather than that of a single judge of a court of original jurisdiction (McKinney’s Cons Laws of NY, Book 1, Statutes § 150; Hotel Dorset Co. v Trust for Cultural Resources, 46 NY2d 358, 370 [1978]), to establish whether this particular petitioner has not had a reasonable opportunity to proceed and that empirical evidence would establish that there is no difference between proceedings under 5 years and proceedings between 5 and 21 years old.
*853 While there are clear implications in the opinions in Mills and Pickett (supra) particularly in the concurring opinion of Justice O’Connor and Justice Powell, that even longer Statutes of Limitation than the two years invalidated in Pickett, or any Statute of Limitations, would be invalid.
The Appellate Division, Second Department, in Matter of Department of Social Servs. (Sandra C.) (100 AD2d 119, 133 [1984]) has recently rejected a constitutional challenge to Family Court Act § 517 (b)’s 10-year limitation on public welfare officials, noting that “[T]he equal protection clause requires that children born out of wedlock be provided with an opportunity to institute paternity proceedings and to establish their right to support that is substantially similar to, although not necessarily coterminous with, the opportunity accorded to legitimate children”.
While the tolling provision of the New York statute, recently expanded by the Court of Appeals decision in Matter of Vicki B. v David H. (57 NY2d 427 [1982]), and the recent advances in blood testing have attenuated the State’s interest in avoiding stale or fraudulent paternity prosecutions, there is no record before this court that would establish that the State does not have some substantial interest or that there is no reasonable probability of fraudulent claim. A nisi prius court should not assume that such conditions do not exist. (Matter of Malpica-Orsini, 36 NY2d 568, 570, 571 [1975].)
The highest courts of both Michigan and Pennsylvania have recently sustained their States’ six-year limitation on United States Supreme Court remands to review them in the light of Pickett v Brown (supra).
The Pennsylvania Supreme Court in a unanimous decision stated:
“[T]he existence of greater impediments to recovery of support for an illegitimate child than for a legitimate one is justified by the fact that the cases differ in one crucial respect: a suit on behalf of an illegitimate child contains the element of proof of paternity, while a suit on behalf of a legitimate child does not. While the passage of one or two years could not be regarded as appreciably increasing the likelihood of fraudulent claims, a lapse of more than six years may reasonably be expected to coincide with prejudice to the defense through loss of evidence, the death or disappearance of witnesses, and the fading of memories. Hence, the Commonwealth’s interest in elimination of the stale or fraudulent claims is substantially served by the limitation imposed * * *
*854 “We do not address the wisdom of the legislative scheme, but only its constitutionality * * * it is not constitutionally infirm under a Fourteenth Amendment challenge even though the statute may operate, as it has in this case, to deprive an illegitimate child of its right to make a claim for support beyond the six year limit.” (Astemborski v Susmarski, 502 Pa 409, 417-418, 466 A2d 1018, 1022 [1983], supra.)
In evaluating the Supreme Court decisions in Mills and Pickett (supra) certain points must be clearly understood.
(a) Justice O’Connor in her concurrence noted that given Texas’ history of denying illegitimate children a means by which to enforce their right to support and given that a paternity action is one" of the few causes of action not tolled during the child’s minority, the State’s one-year Statute of Limitations automatically was suspect. (Mills v Habluetzel, 456 US 91, 104-105, supra.)
(b) While New York’s difference in treatment of public assistance cases, a 10-year Statute of Limitations, as against the 5-year statute for nonpublic assistance cases may undercut the State’s argument that the different treatment is related to the legitimate State interest in preventing prosecution of stale or fraudulent claims, the Tennessee statute considered in Pickett (supra) dealt with a statutory scheme of 18 years for public assistance and 2 years for nonpublic assistance.
(c) The decision in Pickett v Brown (462 US 1,17-18, supra) did not abolish limitation and has still left to the Legislatures of the various States that “This is an appropriate consideration in determining whether a period of limitations governing paternity actions brought on behalf of illegitimate children is substantially related to a legitimate state interest.”
While the factual allegations in this proceeding are almost identical to those in Pickett v Brown (462 US 1,18, supra), i.e., a nine-year-old child, this court cannot say as a matter of law that the New York statute’s period of five years bears no reasonable relation to the prevention of stale or fraudulent claims, “[inherent arbitrariness of statutes of limitations makes them a peculiarly appropriate subject for legislative rather than judicial control.” (De Malherbe v International Union of Elevator Constructors, 449 F Supp 1335, 1352 [ND Cal 1978].)
Because such statutes “ ‘are by definition arbitrary’ ” they are best left to legislative determination and control. (Mills v Habluetzel, 456 US 91,101, n 9, supra.) Normally, therefore, States *855 are free to set periods of limitations without fear of violating some provision of the Constitution. (Mills v Habluetzel, 456 US 91 [1982].)
The petition therefore is dismissed.