462 So.2d 131 (1985)
SUCCESSION OF Charles Haskel GRICE.
No. 84-CA-1761.
Supreme Court of Louisiana.
January 14, 1985.
Rehearing Denied February 21, 1985.
Dissenting Opinion February 20, 1985.
*132 H. Sanders O'Neal, Houma, for appellant.
Sam J. D'Amico, Ashton S. Stewart, Baton Rouge, Keith Whipple, Ernest Kelly, Houma, for appellee.
MARCUS, Justice.
This case presents a challenge to the constitutionality of La.Civ.Code art. 209 which requires illegitimate children who would inherit from their fathers by intestate succession to institute filiation proceedings within certain time limitations. Legitimate children are not subject to the same requirement.
Susan Marie Boudreaux was born Susan Marie Breaux on June 27, 1951, to Velma Vivian Breaux. The father's name was left blank on her birth certificate. Charles Haskell Grice was married but once and then to Agnes Boutte Grice on November 17, 1953. No children were born of the marriage. Mr. Grice died intestate on March 8, 1983. He was predeceased by his parents and survived by his wife and brothers and sisters. Less than one month later, Susan Marie Boudreaux, then thirty-one years of age, filed a petition claiming that Charles Haskell Grice was her father and she was his sole surviving heir and asking to be appointed provisional administratrix of his estate. She was duly appointed provisional administratrix and, after complying with law, letters of administration were issued to her. Mr. Grice's widow, Agnes Boutte Grice, thereupon filed a rule against Susan Marie Boudreaux to show cause why she should not be barred by the time limitations of La.Civ.Code art. 209 from establishing filiation to Charles Haskell Grice and why she should not be disqualified from serving as administratrix. Susan Marie Boudreaux countered that art. 209 was unconstitutional on equal protection grounds insofar as it requires that proceedings to establish filiation be brought within nineteen years of birth and furthermore that lack of legitimacy was not one of the grounds enumerated in La.Code Civ.P. art. 3097 for disqualification of an administratrix. After considering the pleadings and *133 memoranda submitted by both parties,[1] the trial judge held art. 209 unconstitutional and dismissed the rule to bar Susan Marie Boudreaux from establishing proof of filiation and to disqualify her as administratrix. Mrs. Grice applied to this court for writs. Her application was granted and docketed as an appeal.[2]
La.Civ.Code art. 209 provides:
A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
C. The proceeding required by this Article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
D. The right to bring this proceeding is heritable. (Emphasis added.)[[3]]
The equal protection clause of the fourteenth amendment of the federal constitution and article 1 § 3 of our state constitution provide that no person shall be denied equal protection of the laws. Although classifications based on illegitimacy are not "suspect" or subject to "strict scrutiny" under equal protection analysis, the scrutiny applied to them "is not a toothless one...." Trimble v. Gordon, 430 U.S. 762 (1977); Mathews v. Lucas, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976). Such classifications are unconstitutional unless they are substantially related to permissible state interests. Pickett v. Brown, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983); Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978).
Our inquiry is focused narrowly. We are asked to decide whether the requirement of art. 209 that filiation proceedings be brought "within nineteen years of the child's birth" is substantially related to permissible state interests when the illegitimate child is seeking paternal inheritance by intestate succession.[4]
*134 The decisions of the United States Supreme Court in Trimble v. Gordon, supra, and Lalli v. Lalli, supra, are particularly relevant to our determination. In Trimble, the Court reviewed an Illinois statute which provided that a child born out of wedlock could inherit from his intestate father only if the father had "acknowledged" him and the child had been legitimated by the intermarriage of the parents. The Court recognized that the state has an interest in "the orderly disposition of property at death" and that devising an appropriate legal framework in furtherance of that interest "is a matter particularly within the competence of the individual States." An important aspect of that framework, the Court recognized, is a response to the often difficult problem of proving paternity and the related danger of spurious claims. These difficulties, the Court said, "might justify a more demanding standard for illegitimate children claiming under their fathers' estates than that required either for illegitimate children claiming under their mothers' estates or for legitimate children generally." However, the Court found that the Illinois statute was constitutionally flawed because its reach "extended well beyond [these] asserted purposes." By insisting upon not only an acknowledgment by the father but also the intermarriage of the parents, the statute excluded "at least some significant categories of illegitimate children of intestate men" whose inheritance rights could be recognized without jeopardizing the state's interest.
In Lalli, the Court upheld a New York statute which allows an illegitimate to inherit from his intestate father, but only if a court of competent jurisdiction has, during the lifetime of the father, made an order of filiation declaring paternity. The Court found that this single statutory requirement, a judicial order of filiation declaring paternity before the father dies, is evidentiary in nature and does not "inevitably disqualif[y] an unnecessarily large number of children born out of wedlock." The Court further found that this statutory requirement is substantially related to the state's justifiable purposes in that (1) resolution of claims of paternity is enhanced by placing paternity disputes in a judicial forum during the lifetime of the father, giving him an opportunity to defend his reputation, and (2) the administration of an estate is facilitated, and the possibility of delay and uncertainty minimized, where the entitlement of an illegitimate child to notice and participation is a matter of judicial record before the administration commences. In upholding the statute, the Court emphasized that its focus was on the statute's relation to state interests, not on its "abstract fairness." Few statutory classifications, the Court noted, are entirely free from the criticism that they sometimes produce inequitable results, and it is not the Court's function "to hypothesize independently on the desirability or feasibility of any possible alternative[s]" to the statutory scheme formulated by the state.[5]
From Trimble and Lalli, we conclude that (1) the state has a substantial, permissible interest in providing for the just and orderly disposition of property at death where intestate paternal inheritance of illegitimate children is concerned, an area involving unique and difficult problems of proof, and (2) the means adopted by the state to further that interest may result in some inequity and still be constitutional, provided it is substantially related to that interest. Given a recognized permissible state interest, we must now determine whether the means adopted in art. 209 to further that interest is substantially related to it. From Trimble, we further conclude that this substantial relation requirement will not be met if the statute inevitably and unnecessarily excludes some significant categories of illegitimate children.[6]
*135 Like the statute in Lalli and unlike that in Trimble, art. 209 does not inevitably exclude significant categories of illegitimate children from intestate paternal inheritance. The New York statute in Lalli allowed inheritance provided the child obtained a judicial order of filiation declaring paternity before his father died.[7] Article 209 allows intestate paternal inheritance by an illegitimate not filiated by the initiative of the father, but only if proceedings to establish filiation are instituted within nineteen years from birth or, should the alleged father die within that time, then within one year of his death.[8] Since under art. 209 the child will never have more than nineteen years to institute filiation proceedings, whereas under the New York statute the child has until the father's death to obtain a judicial declaration of paternity, the question remains whether this difference makes art. 209 unconstitutional, i.e., creates unnecessary discrimination where the statute in Lalli did not.
In answering this question, we draw our guidance by analogy from the United States Supreme Court's recent decisions concerning time limitations on the support rights of illegitimate children. In Mills v. Habluetzel, 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982), the Court considered the sufficiency of a "one year from birth" statute of limitation on paternity suits. The Court's equal protection analysis focused on two related requirements. Although the procedures for illegitimate children need not be coterminous with those accorded legitimate children, (1) the period for obtaining paternal support has to be long enough to provide a reasonable opportunity for those with an interest in illegitimate children to bring suit on their behalf, and (2) any time limit on that opportunity has to be substantially related to the state's interest. The Court held that the "one year from birth" limitation in Mills failed to satisfy either requirement. In Pickett v. Brown, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983), the Court analyzed a "two years from birth" limitation on paternity and child support actions and found that that time period also failed to satisfy the two requirements in Mills.[9]
We now consider whether the nineteen years from birth limitation contained in art. 209(C) satisfies the two requirements set forth by the United States Supreme Court in Mills. Under Mills, the first question is whether the nineteen year limitation is sufficiently long to provide a reasonable opportunity to those with an interest in illegitimate children to bring suit on their behalf. We consider that the financial, emotional and family difficulties that often attend the birth of an illegitimate child should be sufficiently resolved within nineteen years to enable the child's mother or other interested party to institute filiation proceedings against an alleged father. The legislature could reasonably conclude that those interested in illegitimate children should be required to exercise such foresight on their behalf and that nineteen years gives them ample opportunity to do so. Additionally, we note that the nineteen year limitation gives the child one year after minority to institute filiation proceedings on his own behalf, so that proof of his paternity and preservation of his rights stemming therefrom are not totally dependent on others.
The second inquiry under Mills is whether the nineteen year limitation of art. 209(C) is substantially related to the state's *136 interest. The recognized state interest in this case is the just and orderly disposition of a decedent's property where intestate paternal inheritance is concerned, an area involving unique and difficult problems of proof. We find that the nineteen year limitation is substantially related to this interest. A nineteen year limitation can be justified by the problems of proof surrounding paternity actions. The result in paternity suits frequently turns upon sketchy, conflicting testimony from only two witnesses. It is certainly conceivable that evidence essential to paternity suits will be lost in nineteen years and it is evident that the passage of nineteen years will appreciably increase the likelihood of fraudulent claims. Additionally, scientific advances in blood testing have not yet negated the relation between the nineteen year limitation and the state's need to handle the proof problems it encounters in paternity suits.[10] Traditional blood tests only prove nonpaternity, not the fact of paternity.
We consider that the 1984 amendment to art. 209(C) creating an exception to the nineteen year limitation "for the sole purpose" of establishing a right to recover damages under La.Civ.Code art. 2315,[11] does not undermine the substantial relation between that limitation period and the state's interest where intestate paternal inheritance by an illegitimate is concerned. In fact, this limited exception illustrates that the state's interest in providing for the just and orderly disposition of property at death is greater than its interest in the distribution of an award for damages under art. 2315. Additionally, a claim of filiation raised in the context of an action under art. 2315 becomes part of, and is unlikely to prolong, already ongoing litigation or settlement negotiations. By requiring that filiation proceedings be brought within nineteen years, art. 209 facilitates the administration of estates and minimizes the possibility of delay and uncertainty. Entitlement of the illegitimate child to notice and participation will be a matter of judicial record before administration of the estate commences, except in the limited case where the alleged father dies within nineteen years, in which case filiation proceedings will have to be brought within one year.
Hence, we conclude that (1) the nineteen year limitation contained in La. Civ.Code art. 209(C) is sufficiently long to provide a reasonable opportunity to those with an interest in illegitimate children to bring suit on their behalf and (2) the nineteen year limitation on that opportunity is substantially related to the state's interest in providing for the just and orderly disposition of a decedent's property where paternal inheritance is concerned, an area involving unique and difficult problems of proof. We therefore uphold the constitutionality of art. 209 of the Civil Code.[12] In view of this holding, Susan Marie Boudreaux is barred from proving paternal filiation to Charles Haskell Grice and is therefore disqualified from appointment as provisional administratrix of his estate under La.Code Civ.P. art. 3097.[13]

DECREE
For the reasons assigned, the rulings of the trial judge are reversed. The case is remanded to the district court for further proceedings in accordance with the views expressed herein.
CALOGERO, Justice, dissenting.
I dissent from the majority opinion which upholds the constitutionality of La.C.C. art. 209, limiting the right of an illegitimate to prove his filiation, for succession purposes, to proceedings "brought within one year of the death of the alleged parent or within nineteen years of the child's birth, which ever first occurs."
The United States Supreme Court has held that classifications based on birth (illegitimacy) are unconstitutional unless they are substantially related to important state interests. Pickett v. Brown, 461 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983); Lalli *137 v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978). Our own state constitution, Article I, Section 3, provides that "[n]o law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth." This provision includes within its scope unreasonable discrimination against a person because of illegitimacy. Accordingly, the scrutiny given a provision which does draw a classification based on birth is a heightened one.
Our inquiry in this case is whether the limitation set in La.C.C. art. 209, that filiation proceedings, when an illegitimate child is seeking paternal inheritance by intestate succession, be brought "within nineteen years of the child's birth," is substantially related to permissible state interest (chiefly in the orderly disposition of property at death) or whether it goes beyond what is necessary to accomplish the purpose.
A range has already been established by the United States Supreme Court within which we should work. In Lalli v. Lalli, supra, the Court upheld a New York provision which required proof of paternity prior to the death of the alleged father of the child. The Court found that that provision substantially related to the state's interest in promoting the orderly disposition of property at death. At the other end of the spectrum, the Court struck down provisions which required such proof (in support cases) within respective periods of one and two years from birth. Mills v. Habluetzel, 456 U.S. 91, 102 S.Ct. 1549, 71 L.Ed.2d 770 (1982) and Pickett v. Brown, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983) respectively.
Thus, the question presented is whether the limitation set by La.C.C. art. 209, "within nineteen years of the child's birth" falls closer to the acceptable end of the range established in Lalli (before the death of the alleged father), or the unacceptable range established in Mills and Pickett (within two years of birth in support cases). In my view it falls closer to the latter.
The state purpose behind the statute is the state's interest in the orderly disposition of property at death. In my view, that interest is sufficiently fostered by a requirement that the illegitimate prove his filiation before the death of the alleged father even if that is beyond the child's 19th birthday. A child between the ages of 1 and 19 more often than not has no interest in, or thought concerning his potential inheritance rights. This is a different situation from that concerning support rights, where paternity and the obligation to support take on real significance immediately upon birth and in the outset years thereafter. The requirement that the proceedings must be brought "within nineteen years of the child's birth" goes beyond what is necessary to give effect to the legitimate state interest in the orderly disposition of property at death and falls into the category of unnecessary discrimination based on birth prohibited by our state constitution as well as the United States Constitution.
For these reasons, I dissent from the majority opinion upholding the constitutionality of La.C.C. art. 209.
NOTES
[1] At the hearing on the rule, after a discussion at the bench, the trial judge granted both parties leave to submit memoranda after which the matter would be taken under advisement.
[2] 454 So.2d 1122 (La.1984). See La. Const. art. 5, § 5(D)(1).
[3] Article 209 was amended and reenacted by La. Acts 1980, No. 549, eff. Sept. 12, 1980, to provide a procedure and time limitations for proceedings to establish filiation and to provide that failure to institute timely such a proceeding would bar the claims of such persons in the successions of their alleged parents. Section 4 provided, however, that any illegitimate child nineteen years or older would have one year from the effective date of the act to bring a civil proceeding to establish filiation.

Article 209 was further amended by La. Acts 1981, No. 720, eff. Sept. 11, 1981, and Section 2 thereof provided that any person against whom the time period provided in the Act would otherwise have accrued would have one year from its effective date to bring a filiation proceeding. Children who did not file suit within the one-year grace period of the prior statute were not precluded from attempting to prove filiation within this new one-year grace period. Succession of Theriot, 428 So.2d 1017 (La.App. 1st Cir.1983).
A newly created statute of limitations or one which shortens existing periods of limitation does not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. Lott v. Haley, 370 So.2d 521 (La.1979); Cooper v. Lykes, 218 La. 251, 49 So.2d 3 (1950).
Thus, Susan Marie Boudreaux had two separate one-year grace periods within which she could have, but failed to, institute proceedings to prove paternal filiation. Article 209, as amended, allowed a reasonable time for her to assert her right to prove paternal filiation.
[4] We do not address the constitutionality of La.Civ.Code art. 209 vis-a-vis the illegitimate child's right to inherit from his mother, as that issue is not before us. Cf. Lalli v. Lalli, 439 U.S. 259, 99 S.Ct. 518, 58 L.Ed.2d 503 (1978) (issue raised by implication).

Nor do we address the constitutionality of art. 209 where an illegitimate child is seeking support from an alleged parent. Cf. Pickett v. Brown, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983); Mills v. Hableutzel, 456 U.S. 91, 102 S.Ct. 1549, 91 L.Ed.2d 770 (1982); Gomez v. Perez, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973); Daniel v. Collier, 317 N.W.2d 293 (Ct. of App. of Mich.1982), vacated ___ U.S. ___, 104 S.Ct. 53, 78 L.Ed.2d 72 (1983), on remand, 130 Mich.App. 345, 343 N.W.2d 16 (Ct. of App.1983); Astemborski v. Susmarski, 499 Pa. 99, 451 A.2d 1012 (1982), vacated ___ U.S. ___, 103 S.Ct. 3105, 77 L.Ed.2d 1360 (1983), on remand, 502 Pa. 409, 466 A.2d 1018 (1983).
[5] See also, Matthews v. Lucas, 427 U.S. 495, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976).
[6] Hence, in Succession of Brown, 388 So.2d 1151 (1980), this court held unconstitutional La.Civ. Code art. 919 which completely excluded acknowledged illegitimates from participating in the succession of their father when he was survived by other relatives, since the legislature could have given such children "some way" to obtain paternal inheritance while still anticipating and solving the problems facing the state.
[7] The New York statute in Lalli required not only that the order of filiation be made during the lifetime of the father, but that the proceeding in which it is sought be commenced "during the pregnancy of the mother or within two years from the birth of the child." The New York Court of Appeals declined to rule on the constitutionality of the two-year limitation and therefore the question was not before the United States Supreme Court. See Lalli, n. 5.
[8] In this latter situation, the proceedings to establish filiation should be cumulated with the petition asserting succession rights and be made a part of the succession proceedings. (See La. Civ.Code art. 209(C) as to filiation proceedings "cumulated" with action to recover damages under La.Civ.Code art. 2315.)

Under Section B of art. 209, the child will be required to meet a higher burden of proof, to offset the fact the alleged father will no longer have an opportunity to defend himself.
[9] See also, Daniel v. Collier, supra, and Astemborski v. Susmarski, supra, cited in footnote 4. Both cases involved six year statutes of limitation. The state courts upheld the statutes. Directed by the United States Supreme Court to reconsider the statutes in light of Pickett, supra, the courts affirmed their original findings of constitutionality. No appeals were taken from the final state decisions.
[10] Mills, supra, n. 4.
[11] La. Acts 1984, No. 810.
[12] Having reached this conclusion, a fortiori, we reject Susan Marie Boudreaux's contention, raised in brief to this court, that art. 209 is unconstitutional because it discriminates against illegitimate children as compared to their parents with regard to their respective rights of inheritance.
[13] La.Code Civ.P. art. 3097 provides in pertinent part:

No person may be appointed dative testamentary executor, provisional administrator, or administrator who is not the surviving spouse, heir, legatee, legal representative of an heir or legatee, or a creditor of the deceased, or the nominee of the surviving spouse, heir, legatee, or legal representative of an heir or legatee of the deceased.