927 So.2d 1131 (2005)
Robert GIBBS, Maggie Gibbs Wilson, Beatrice Gibbs Ross, Silas Gibbs, Ida Gibbs Calhoun and Ivy Wood Gibbs
v.
Douglas R. DELATTE, Steve Kent Chemical Transport, LLC and ABC Insurance Company
Tyrone Kilbourne, Derondrick Deon Woodridge, and Margaret Brown
v.
Douglas R. Delatte, Steve Kent Chemical Transport, LLC, and Empire Fire and Marine Insurance Company
Barbara Johnson, as Tutrix of her Minor Son, Charles Jesse Kilbourne Bradford
v.
Steve Kent Chemical Transport, LLC, Douglas R. Delatte, Empire Fire and Marine Insurance Company, the Estate of John H. Kilbourne, and Margaret K. Brown.
No. 2005 CW 0821.
Court of Appeal of Louisiana, First Circuit.
December 22, 2005.
Writ Denied April 24, 2006.
*1133 Durward D. Casteel, Melanie A. Verzwyvelt, Baton Rouge, Counsel for Defendants/Relators Douglas R. Delatte, Steve Kent Chemical Transport, LLC, and Empire Fire and Marine Insurance Company.
Lewis O. Unglesby, Robert M. Marionneaux, Jr., Samuel C. Ward, Jr., Baton Rouge, Counsel for Plaintiffs/Respondents Robert Gibbs, Maggie Gibbs Wilson, Beatrice Gibbs Ross, Silas Gibbs, Ida Gibbs Calhoun, and Ivy Wood Gibbs.
Bryan D. Fisher, Robert Rimes, Baton Rouge, Counsel for Plaintiffs/Respondents Tyrone Kilbourne, DeRondrick Deon Woodridge and Margaret Brown.
Before: KUHN, GUIDRY and PETTIGREW, JJ.
PETTIGREW, J.
The instant writ application concerns whether alleged half-siblings have a right of action under La. Civ.Code arts. 2315.1 and 2315.2 absent a presumption of paternity, formal acknowledgement, or a timely-filed filiation action between the decedent and the alleged common father.

FACTS
On January 24, 2003, John Howard Kilbourne was driving his 1997 Ford Escort southbound on La. Highway 67. At that same time, Douglas R. Delatte, an employee of Steve Kent Chemical Transportation, L.L.C., was attempting to back a 2001 tractor-trailer rig into his private driveway, utilizing both the north and southbound lanes of the highway. The vehicle driven by John Howard Kilbourne (hereinafter "John" or "decedent") crashed into the left rear tires of the tractor-trailer rig. John survived the crash but died several days later from injuries sustained in the accident. John died at the age of thirty-two. His mother, Easter Kilbourne, and his alleged natural father, Whalen Gibbs, Sr., predeceased him. Further, the decedent left no spouse or children. The decedent has a half-sibling, Tyrone Kilbourne, through his mother and has seven alleged half-siblings through his alleged natural father. To date decedent's survivors, his alleged half-brothers and alleged half-sisters, have initiated three separate suits pursuant to La. Civ.Code arts. 2315.1 and 2315.2, which matters have been consolidated for trial.[1][2]
The alleged paternal half-siblings of decedent, Whalen Howard Gibbs, Jr., Robert *1134 Gibbs, Maggie Gibbs Wilson, Beatrice Gibbs Ross, Silas Gibbs, Ida Gibbs Calhoun, and Ivy Wood Gibbs (hereinafter "Gibbs plaintiffs"), assert that they have a right of action to the extent that they share a common father, Whalen Gibbs, Sr.[3] There is no issue involving Tyrone Kilbourne's right to bring an action insofar as Tyrone Kilbourne and the decedent have the same mother, Easter Kilbourne.
On February 10, 2005, Douglas R. Delatte, Steve Kent Chemical Transport, LLC, and Empire Fire and Marine Insurance Company (hereinafter "defendants") filed a peremptory exception of no right of action contending that the Gibbs plaintiffs are not entitled to initiate a wrongful death and survival action arising out of the death of decedent. Specifically, defendants aver that decedent was an illegitimate child insofar as his mother, Easter Kilbourne, was never married. Since decedent did not initiate a timely filiation action pursuant to former La. Civ.Code art. 209, defendants submit that any filiation that decedent could have instituted has prescribed.[4] Defendants submit that *1135 there is no evidence that the Gibbs plaintiffs, the children of Whalen Gibbs, Jr. and Gladys Ramsey, bear any relation to decedent so as to fall within a class of beneficiaries entitled to bring the action under La. Civ.Code arts. 2315.1 and 2315.2.

ACTION OF THE TRIAL COURT
Following a hearing on March 8, 2005, the district court rendered judgment in open court denying the exception of no right of action. The district court determined that the Gibbs plaintiffs could proceed with the underlying action although decedent was not filiated to the common father through former La. Civ.Code art. 209 prior to decedent's death. The court opined that La. Civ.Code art. 209 did not apply herein. Defendants have timely filed a writ application with this court seeking review of the trial court's denial of their exception of no right of action.[5]

ISSUE
Are the alleged half-siblings of a decedent legally entitled to recover survival and wrongful death damages under Louisiana law absent a presumption of paternity, formal acknowledgement, or timely filiation between the decedent and the purported father?

STANDARD OF REVIEW
The function of the exception of no right of action is to determine whether the plaintiff belongs to a class of persons to whom the law grants the cause of action asserted in the suit. La.Code Civ. P. art. 927; Industrial Cos., Inc. v. Durbin, XXXX-XXXX, p. 12 (La.1/28/03), 837 So.2d 1207, 1216 citing Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm'n, 94-2015, p. 5 (La.11/30/94), 646 So.2d 885, 888. The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Id. Citing Benoit v. Allstate Ins., XXXX-XXXX, p. 10 (La.11/28/00), 773 So.2d 702, 708. Further, evidence is admissible on the trial of an exception of no right action to "support or controvert the objections pleaded, when the grounds therefore do not appear from the petition." La.Code of Civ. P. art. 931. Whether a plaintiff has a right of action is a question of law; therefore, it is reviewed de novo on appeal. Jackson v. St. Helena Parish Sheriff's Dep't, 2001-2792, p. 2 (La.App. 1 Cir. 11/8/02), 835 So.2d 842, 844.

DISCUSSION
In the instant writ application, defendants argue that the trial court erred in finding that the Gibbs plaintiffs have a right of action although the deceased was not filiated to the alleged common father under former La. Civ.Code art. 209. Defendants argue that when a person makes a claim for damages under La. Civ.Code arts. 2315.1 and/or 2315.2, the claimant *1136 must prove the existence of a legal relationship. In the context of a sibling relationship, defendants suggest that the burden is met by establishing filiation of each child to a common parent.
At the time of decedent's death, defendants aver that there were only three ways to prove the existence of a parent-child relationship under the Louisiana Civil Code: (1) legitimate filiation; (2) acknowledgment; and (3) the institution of a legal proceeding pursuant to former La. Civ. Code art. 209. Legitimate filiation exists when the mother's husband is the parent of the child and acknowledges the child as his own. See former La. Civ.Code art. 184 and La. Civ.Code art. 185 pursuant to 2005 La. Acts No. 192. Acknowledgment requires recognition of paternity by registry of birth or by means of a notarial act. See former La. Civ.Code art. 203 and La. Civ. Code art. 195 pursuant to 2005 La. Acts No. 192. Finally, a child could establish filiation by virtue of a civil proceeding pursuant to former La. Civ.Code art. 209, and when the alleged parent is deceased, the petitioner must establish filiation by clear and convincing evidence.[6] A child who is neither legitimate at birth, nor subsequently legitimated by the parent, must establish the filiation necessary to qualify as a child under La. Civ.Code arts. 2315.1 or 2315.2 within the time limitation imposed under La. Civ.Code art. 209. See Chatelain v. State Dept. of Transp. and Dev., 586 So.2d 1373, 1376 (La.1991); Etcher v. Neumann, 2000-2282, p. 14 (La. App. 1 Cir. 12/28/01), 806 So.2d 826, 839, writ denied, XXXX-XXXX (La.5/31/02), 817 So.2d 105. It is important to note that the time delays afforded the child to file a filiation action under former La. Civ.Code art. 209 are essentially the same time delays the child has for bringing a claim under La. Civ.Code arts. 2315.1 or 2315.2. However, Chatelain, Etcher, and former La. Civ.Code art. 209 do not address the rights of half-siblings to bring an action under La. Civ.Code arts. 2315.1 or 2315.2.
In this case, Easter Kilbourne, decedent's mother, was never married and did not list a father on decedent's birth certificate or any other registered act. Additionally, the deceased's alleged father, Whalen Gibbs, Sr., did not execute a notarial acknowledgment under former La. Civ. Code art. 203. Therefore, defendants submit that the only remaining method by which the Gibbs plaintiffs can prove filiation between decedent and Whalen Gibbs, Sr., is through a judicial proceeding initiated pursuant to former La. Civ.Code art. 209 as revised by 1981 La. Acts No. 720, which method the defendants argue has prescribed.
Defendants point out that former La. Civ.Code art. 209, which became effective September 11, 1981, required that filiation actions be brought within one year after the death of the alleged parent or nineteen years after the child's birth, whichever occurs first. The statute provided a one-year grace period to file a filiation action for those actions that would otherwise be time barred.[7] Decedent was born on January *1137 4, 1971, and his alleged father, Whalen Gibbs, Sr., died in 1977. Under the time limitations of former La. Civ.Code art. 209, defendants aver that any filiation action by or on behalf of decedent prescribed on September 12, 1982. Further, the defendants contend that the trial court erred in admitting evidence of Whalen Gibbs, Sr.'s informal acknowledgement since informal acknowledgment is only relevant in a proceeding brought under former La. Civ.Code art. 209 and any action under that article prescribed over twenty years ago.
In opposition, the Gibbs plaintiffs submit that a plaintiff in a wrongful death or survival action can prove their sibling relationship by evidence of general reputation. The Gibbs plaintiffs argue that La. Civ. Code art. 209 governs the establishment of parent/child relationships for purpose of successions and does not control or restrict the ways a plaintiff can establish a sibling relationship for survival/wrongful death purposes. The Gibbs plaintiffs submit that the general reputation evidence of the informal acknowledgment of Whalen Gibbs, Sr. presented at the hearing was sufficient to establish a sibling relationship with the decedent and their right to bring claims in this matter. Moreover, the Gibbs plaintiffs allege that the evidence submitted meets a higher "clear and convincing" burden of proof such as the burden of proof required in a filiation action under former La. Civ.Code art. 209.
Specifically, Silas Gibbs and Maggie Gibbs, the alleged half-siblings of decedent, testified that decedent was the child of Whalen Gibbs, Sr. and Easter Kilbourne. They further testified that Whalen Gibbs, Sr. treated decedent as his son. Likewise, Edward White, the employer of Whalen Gibbs, Sr., testified that Whalen Gibbs, Sr. acknowledged decedent as his child from the moment of his birth. Further, decedent's obituary indicates that he was the son of Whalen Gibbs, Sr. and references each Gibbs plaintiff as a brother or sister. As such, the Gibbs plaintiffs conclude that there is clear and convincing evidence that Whalen Gibbs, Sr. is decedent's father.
Further, the Gibbs plaintiffs note that a succession for the alleged common father, Whalen H. Gibbs, Sr., was opened prior to decedent's death. The Judgment of Possession in the succession of Whalen H. Gibbs, Sr., which was properly admitted into evidence at the hearing on the exception, names decedent as an heir.[8] The Gibbs plaintiffs argue that this is significant insofar as they agreed that decedent was a half-sibling and entitled to a portion of their father's estate, and he was recognized as such by the court in the Judgment of Possession.
Additionally, the Gibbs plaintiffs note that the Louisiana Supreme Court focuses on the biological relationship between the parent and the child. Citing Turner v. Busby, XXXX-XXXX (La.9/9/04), 883 So.2d 412. The Turner court noted that "it is the biological relationship and dependency which is determinative of the child's rights in these cases, and not the classification into which the child is placed by the statutory law of the State." Id. at 418, citing Warren v. Richard, 296 So.2d 813, 817 (La.1974). As such, plaintiffs conclude that they have a right of action to proceed in this matter although a timely filiation *1138 action may not have been filed by the decedent under former La. Civ.Code art. 209.
First, this Court notes that the defendants originally made an argument regarding legitimate children and illegitimate children. Defendants have acknowledged that such an argument was misguided. Rather, defendants have focused on the failure of decedent to timely file a filiation proceeding under former La. Civ.Code art. 209. Therefore, this court will consider the effect that former La. Civ.Code art. 209 has on the Gibbs plaintiffs' claims herein.
A law that is not ambiguous should be given effect so as to accomplish, rather than defeat, its evident object and purpose. La. Civ.Code arts. 9-13; Pepsodent Co. v. Krauss Co., 200 La. 959, 9 So.2d 303 (1942). The construction need not be extreme, either liberal or strict. Louisiana Health Serv. and Indem. Co. v. Tarver, 93-2449 (La.4/11/94), 635 So.2d 1090. A reasonable interpretation in light of the statute's purpose is what is required. J.M. Brown Const. Co. v. D & M Mech. Con., Inc., 275 So.2d 401 (La.1973). The meaning and intent of a law is determined by considering the law in its entirety and all other laws concerning the same subject matter and construing the provision in a manner that is consistent with the obvious intent of the lawmaker in enacting it. In re Succession of Boyter, 99-0761, p. 9 (La.1/7/00), 756 So.2d 1122, 1129.
Prior to 1980 there were no time limitations to bring a filiation action under former La. Civ.Code art. 209. See 1980 La. Acts 549. Pursuant to the 1980 amendment, the following time limitations were imposed in La. Civ.Code art. 209:
Any illegitimate child nineteen years of age or older shall have one year from the effective date of this Act to bring a civil proceeding to establish filiation under the provisions of this Act and if no such proceeding is instituted within such time, the claim of such an illegitimate child shall be forever barred.
The introductory language to the amendment states that the amendment's purpose was:
To amend and reenact Articles 208 and 209 of the Louisiana Civil Code and to repeal Articles 210 and 212 of the Louisiana Civil Code to provide for proof of filiation by illegitimate children, or presumption of filiation on their behalf; to provide a procedure and time limitations for proceedings to establish filiation; to provide for the method and standard of proof in such actions; to provide that failure to institute timely such a proceeding shall bar the claims of such persons in the successions of their alleged parents; and to provide otherwise with respect thereto.
One of the legislature's main purposes for imposing time limitations under La. Civ. Code art. 209(C) was to bar future succession claims if a filiation action were not timely instituted. Arguably, the article did not intend to deprive an illegitimate child of the right to bring a wrongful death claim nor could it constitutionally do so.[9] This is further illustrated by 1984 La. Acts No. 810, which amended the article to add the following:
If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover under Article 2315. A proceeding for *1139 that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages. (Emphasis added.)
The purpose of this exception was to allow a child who is over the age of nineteen at the time of the alleged parent's death to bring a filiation action for the purpose of establishing the right to recover survival or wrongful death damages, but not for any other purpose such as recovering succession rights. Reese v. State Dep't of Pub. Safety and Corr., XXXX-XXXX, p. 5 (La.2/20/04), 866 So.2d 244, 248.
In Succession of Grice, 462 So.2d 131 (La.1985), the Louisiana Supreme Court upheld the constitutionality of the time limitations as those limitations related to successions, reasoning that the limitations were "substantially related to the state's interest in providing for the just and orderly disposition of a decedent's property where paternal inheritance is concerned." Id. at 136. The Louisiana Supreme Court further noted that the limitation allowing a child to bring suit within one year of the alleged parent's death "for the sole purpose" of establishing the right to recover damages under La. Civ.Code art. 2315 did not undermine the state's interest where intestate paternal inheritance by an illegitimate is concerned. The court reasoned that the "limited exception illustrates the state's interest in providing for the just and orderly disposition of property at death is greater than its interest in the distribution of an award for damages under 2315." Id. (Bolding added.) The court also noted that a claim under art. 2315 "becomes part of, and is unlikely to prolong, already ongoing litigation or settlement negotiations." Id. Further, the comments to new La. Civ.Code art. 197 pursuant to 2005 La. Acts No. 192, which replaces former La. Civ.Code art. 209, makes it abundantly clear that the state's sole interest in placing time limitations on filiation actions is for succession purposes only.[10]
Although former La. Civ.Code art. 209 specifically allows the child himself to bring a right of action under La. Civ.Code art. 2315, it is silent as to the rights of half-siblings to pursue such an action for the child's death. The position of an article in the civil code is an important consideration in its interpretation and application. Succession of Lichtentag, 363 So.2d 706, 709 (La.1978).
In attempting to determine the meaning of any article or articles found in the Louisiana Civil Code, we must first realize and understand that the redactors of the Louisiana Civil Code divided, sub-divided, and further subdivided the articles of the Civil Code into books, titles, sections, and lastly the articles themselves. Picard v. Shaubhut, 324 So.2d 517, 520 (La.App. 1 Cir. 1975), writ not considered, 326 So.2d 380 (La.1976). The action brought by the plaintiffs herein is based on La. Civ.Code *1140 arts. 2315.1 and 2315.2, which allows the "surviving brothers and sisters of the deceased" to bring wrongful death and survival actions. The words "brother" and "sister" as denoted in arts. 2315.1 and 2315.2 include half-brothers and half-sisters. See Ledet v. State, Dep't of Health and Human Res., 465 So.2d 98, 102 (La. App. 4 Cir.), writ denied, 468 So.2d 1211 (La.1985). Those codal articles are found in Book III of the Civil Code entitled "Modes of Acquiring Ownership of Things," and more particularly Title IV captioned "Obligations Arising Without Agreement." The filiation action provided by La. Civ.Code art. 209 can be found in Book I of the Civil Code entitled "Of Persons," and more particularly in Title VII captioned "Parent and Child." Insofar as Article 209 falls within the Title VII of Book I concerning the relationship between parent and child, it would be illogical to include the rights of those other than the parent and child in La. Civ.Code art. 209.
We find that La. Civ.Code art. 209 has no applicability to the Gibbs plaintiffs herein insofar as it regulates the relationship between parent/child whereas the right to bring a wrongful death and survival action is given to siblings in La. Civ. Code arts. 2315.1 and 2315.2 provided they do so within the time delays required by law. Further, the state's interest in providing for the just and orderly disposition of property at death is not affected by the half-siblings' right to proceed for the wrongful death of their half-brother. See Succession of Grice, 462 So.2d 131. As such, we hold that half-siblings have a right to pursue wrongful death and survival action claims for the death of their alleged sibling provided they do so within the time delays allowed by law governing delictual actions. See La. Civ.Code art. 3492.
If a parent is deceased, a child must prove filiation to the deceased parent by clear and convincing evidence under former La. Civ.Code art. 209. See Chatelain v. State, 586 So.2d 1373, 1378 (La. 1991). A fortiori, since the alleged half-sibling and alleged father are both deceased, it follows that the higher burden of clear and convincing evidence rather than the preponderance of the evidence standard is required herein. The burden of proof by clear and convincing evidence requires a party to persuade the trier of fact that the fact or causation sought to be proved is highly probable, i.e. much more probable than its non-existence. Id. Therefore, to prove a matter by "clear and convincing" evidence means to demonstrate that the existence of a disputed fact is highly probable, in other words, much more probable than not. McCray v. Delta Indus., Inc., XXXX-XXXX (La.App. 1 Cir. 9/28/01), 809 So.2d 265.
First, this court notes that the defendants have provided no testimony or evidence to suggest that decedent was not the child of Whalen Gibbs, Sr. Defendants simply rely on the fact that decedent did not file a filiation action under former La. Civ.Code art. 209. However, the Gibbs plaintiffs have offered testimony to prove that decedent was Whalen Gibbs, Sr.'s child. Silas Gibbs, decedent's alleged half-sibling, testified that Whalen Gibbs, Sr. was decedent's father. Silas testified that his father along with other Gibbs family members brought decedent's mother to the hospital for pre-natal check-ups before decedent was born. Silas recalls that his father treated decedent as his son, including giving decedent money and gifts. Silas testified that his father died when decedent was six years old and decedent showed up at Whalen Gibbs, Sr.'s funeral. Maggie Gibbs, another alleged half-sibling, testified that Whalen Gibbs, Sr. lived with *1141 decedent's mother prior to decedent's birth. Maggie testified that Whalen Gibbs, Sr. would hold the decedent "in his lap; rock him; give him a bottle." Maggie testified that she recalls decedent visiting with the family in Elton, Louisiana on Easter holidays. Further, on other holidays such as Christmas, Thanksgiving, and the Fourth of July, decedent and his alleged half-brothers and sisters would visit their paternal grandmother. Maggie also testified that decedent's mother was unable to list Whalen Gibbs, Sr. as decedent's father on his birth certificate because she died while giving birth to decedent.[11] Edward White, the former employer of Whalen Gibbs, Sr., testified that he knew Mr. Gibbs had a child with Easter Kilbourne because Mr. Gibbs would borrow money from him to take Easter to the doctor during Ms. Kilbourne's pregnancy. Mr. White also testified that Mr. Gibbs used to "show off" the decedent. He testified that Mr. Gibbs would "put him in his car, and all, and we used to tease him all the time, about how old he is with a baby."
Additionally, prior to John's death, the siblings opened a succession for their father, Whalen Gibbs, Sr., wherein John was named as an heir to Whalen Gibbs, Sr. Therefore, the alleged half-siblings herein believed that John was Whalen Gibbs, Sr.'s son, and he was also recognized as such in the Judgment of Possession. We are cognizant that subsequent acknowledgement by the heirs is normally irrelevant for delaying the time period set forth for establishing filiation. See Succession of Burton, 94-2609 (La.App. 1 Cir. 10/6/95), 662 So.2d 174, writ denied, 95-2657 (La.1/5/96), 666 So.2d 289. However, insofar as former La. Civ.Code art. 209 is inapplicable under the circumstances set forth herein, this court feels that some weight should be given the succession opened prior to John's death inasmuch as it was against the alleged half-siblings' financial interest to have John named as an heir if in fact he was not Whalen Gibbs, Sr.'s child. As such, this court finds that the Gibbs plaintiffs have established by clear and convincing evidence that they are John's half siblings and they have a right of action to proceed under La. Civ. Code arts. 2315.1 and 2315.2.

AMENDMENTS UNDER 2005 LA. ACTS NO. 192
Following the trial court's ruling on the exception, La. Civ.Code arts. 178-211 were amended and reenacted in the 2005 legislative session. See 2005 La. Acts No. 192. A child's action to establish paternity is now found in La. Civ.Code art. 197, which now reads as follows:
A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.
For purposes of succession only, this action is subject to a peremptive period of one year. The peremptive period commences to run from the day of the death of the alleged father.
For the reasons set forth above, this court finds that the new statute is inapplicable in the underlying matter.

CONCLUSION
For the above and foregoing reasons, we deny the writ application and find that the *1142 Gibbs plaintiffs have a right of action under La. Civ.Code arts. 2315.1 and 2315.2 insofar as the Gibbs plaintiffs have proven by clear and convincing evidence that they are decedent's half-siblings. The stay previously issued by this court on September 2, 2005 is hereby lifted and the matter is remanded for further proceedings consistent herewith.
WRIT DENIED; MATTER REMANDED.
KUHN, J., concurs.
GUIDRY, J., concurs in the result.
NOTES
[1] Louisiana Civil Code article 2315.1 provides:

A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.
B. In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased's succession representative in the absence of any class of beneficiary set out in Paragraph A.
C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.
D. As used in this Article, the words "child", "brother", "sister", "father", "mother", "grandfather", and "grandmother" include a child, brother, sister, father, mother, grandfather, and grandmother by adoption, respectively.
E. For purposes of this Article, a father or mother who has abandoned the deceased during his minority is deemed not to have survived him.
[2] Louisiana Civil Code article 2315.2 provides:

A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.
B. The right of action granted by this Article prescribes one year from the death of the deceased.
C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.
D. As used in this Article, the words "child", "brother", "sister", "father", "mother", "grandfather", and "grandmother" include a child, brother, sister, father, mother, grandfather, and grandmother by adoption, respectively.
E. For purposes of this Article, a father or mother who has abandoned the deceased during his minority is deemed not to have survived him.
[3] Whalen Gibbs, Sr. died on January 11, 1977. No filiation action was ever initiated by or on behalf of John Howard Kilbourne prior to his death in 2003.
[4] Louisiana Civil Code article 209 has been deleted by new legislation. The essence of the article is now in La. Civ.Code art. 197 (pursuant to 2005 La. Acts No. 192, effective August 15, 2005). Former La. Civ.Code art. 209 provided, in pertinent part, as follows:

B. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this article.
C. The proceeding required by this article must be brought within one year of the death of the alleged parent or within nineteen years of the child's birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely instituted, the child may not thereafter establish his filiation, except for the sole purpose of establishing the right to recover damages under Article 2315. A proceeding for that purpose may be brought within one year of the death of the alleged parent and may be cumulated with the action to recover damages.
D. The right to bring this proceeding is heritable.
[5] Judge Robin Free granted defendants a period of forty-five days to file a writ application with this Court; accordingly, defendants filed the instant application on April 22, 2005. Insofar as defendants gave timely notice of their intent to seek supervisory writs and requested a return date in open court on March 8, 2005, this writ shall be deemed timely even though it was filed more than thirty days after the ruling at issue. See Barnard v. Barnard, 96-0859 (La.6/24/96), 675 So.2d 734.
[6] A petition for filiation may be filed in the same proceeding at the same time as a petition for damages in a wrongful death and survivorship action. See Reese v. State Dep't of Pub. Safety and Corr., XXXX-XXXX (La.2/20/04), 866 So.2d 244.
[7] The time limitations for proceedings to establish filiation were added pursuant to 1980 La. Acts No. 549, effective September 12, 1980, and 1981 La. Acts No. 720, effective September 11, 1981. Both amendments provided grace periods to allow those who would otherwise be barred by the enactment a reasonable time period within which to bring their action. 1981 La. Acts No. 720, § 2, provided that any person against whom the time period provided in the Act would otherwise have accrued would have one year from its effective date to bring a filiation action.
[8] Additionally, plaintiffs aver that the Judgment of Possession in the succession of John Howard Kilbourne identifies the plaintiffs as siblings and heirs of the decedents. The Judgment of Possession in the succession of John Howard Kilbourne was not entered into evidence at the trial court. As such, this court cannot review evidence not contained in the record, and it cannot review new evidence. Lee v. Twin Bros. Marine Corp., 2003-2034 (La.App. 1 Cir. 9/17/04), 897 So.2d 35.
[9] Louisiana courts could not discriminate against illegitimate children and had to afford them a right to bring a cause of action for the wrongful death of a parent under La. Civ. Code art. 2315. See Levy v. State Through Charity Hosp. of Louisiana at New Orleans Bd. of Adm'rs, 253 La. 73, 216 So.2d 818 (1968); Warren v. Richard, 296 So.2d 813 (La.1974).
[10] See comment (e) to La. Civ.Code art. 197 pursuant to 2005 La. Acts No. 192, which reads as follows:

The time period for bringing the paternity action under this Article is limited to succession matters only. This is a change in the law. The time for instituting a paternity action for the purpose of exercising the right to support, to sue for wrongful death, or to claim Social Security benefits or the like, is not limited by this Article. (Italics added.) Prior law required that a paternity action under former Civil Code Article 209 (rev. 1984) be instituted within nineteen years of the child's birth or within one year from the alleged parent's death, whichever first occurred. If the action was not timely instituted, the child could not thereafter establish his filiation for any purpose, except to recover damages under Civil Code Article 2315. That was a harsh result not justified by any policy consideration. For the particular purpose of succession, on the other hand, there is a time limit on instituting the action to facilitate the orderly disposition of estates and the stability of land titles.
[11] The other siblings, Beatrice Gibbs Ross, Ida Gibbs Calhoun, Ivy Wood Gibbs, and Whalen Howard Gibbs, Jr. attended the hearing. In an attempt to shorten the hearing, the trial judge, after swearing the witnesses in, asked the alleged half-siblings if they heard the testimony of Silas Gibbs and Maggie Gibbs Calhoun and if their testimony would be similar. All witnesses attested that they would give similar testimony so the judge did not require that they take the stand.