DESIREE BROWN, SHERRY BROWN, RENAY BROWN AND SWACEY BROWN
v.
OAKS OF MID-CITY NURSING HOME (FORMERLY HILLHAVEN NURSING CENTER-EAST), JOSEPH DELPIT, SR. AND XYZ INSURANCE COMPANY.
No. 2009 CA 0287.
Court of Appeals of Louisiana, First Circuit.
October 21, 2009.
Not Designated for Publication
MILTON OSBORNE, LON E. ROBERSON, BARON M. ROBERSON, Attorneys for Plaintiffs/Appellants, Desiree Brown, Sherry Brown, Renay Brown, and Swacey Brown.
RENE' PFEFFERLE, Attorneys for Defendants/Appellees Joseph A. Delpit, Sr., and Oaks of Mid-City Nursing Home.
BEFORE: PARRO, KUHN, and McDONALD, JJ.
McDONALD, J.
This is an appeal from a judgment granting a peremptory exception raising the objection of no right of action. On May 22, 2006, Desiree Brown, Sherry Brown, Renay Brown, and Swacey Brown (the Brown siblings) filed suit against Oaks of Mid-City Nursing Home, its owner, Joseph A. Delpit, Sr., and its liability insurer, XYZ Insurance Company, for wrongful death and survival damages resulting from the death of their brother, Marvin Brown, who had been a resident of the nursing home. According to the petition, Marvin Brown died after an altercation with two men outside of the nursing home.
Thereafter, Oaks of Mid-City Nursing Home filed a dilatory exception raising the objection of prematurity, and alternatively, a peremptory exception raising the objection of no right of action. Oaks of Mid-City Nursing Home asserted that it qualified as a "health care provider" within the intent and meaning of the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, which required submission of claims to a medical review panel in accordance with La. R.S. 40:1299.47; thus, the suit should be dismissed as premature, and alternatively, the suit stated no right or cause of action because it had not been presented to a medical review panel. The plaintiffs then filed a joint motion and order to dismiss their suit without prejudice, because it was premature, and the trial court signed a judgment to that effect.
On July 23, 2007, Desiree Brown filed another petition for damages under the same docket number against Oaks of Mid-City Nursing Home, its owner Joseph A. Delpit, Sr., and XYZ Insurance Company for the death of her brother, Marvin Brown. She asserted that Marvin Brown died outside the nursing home facility due to the negligence of the nursing home, and she sought damages for his wrongful death. The defendants filed a peremptory exception raising the objection of no right of action, asserting that Desiree Brown had no right of action, because Marvin Brown had a daughter, Kawonas Brown, who was the only proper party to file suit. Alternatively, the defendants sought a summary judgment asserting that there was no genuine issue of material fact that at the time of Marvin Brown's death he was survived by his daughter, Kawonas Brown; thus, Kawonas Brown was the only person with a right to recover damages for his death. The defendants prayed that the suit be dismissed with prejudice.
After a hearing, the trial court sustained the peremptory exception raising the objection of no right of action and dismissed the suit. Desiree Brown filed a motion for new trial, which was denied. The Brown siblings appealed the judgments dismissing the suit and denying the motion for new trial.[1] They assert on appeal that the trial court erred in finding that the defendants had shown by clear and convincing evidence that Kawonas Brown was the biological daughter of Marvin Brown.
In sustaining the peremptory exception raising the objection of no right of action, the trial court relied upon the depositions of Swacey Brown, Sherry Brown, and Renay Brown, in which each acknowledged that Marvin Brown had a daughter named Kawonas Brown; the testimony of Kawonas Brown that Marvin Brown was her father; and the certified medical records from Mary Bird Perkins Cancer Center, which showed that Marvin Brown told the staff that he had one daughter and that she lived in Baton Rouge.
The peremptory exception of no right of action derives from La. C.C.P. art. 927. The exception relates especially to the person of the plaintiff, questioning whether the plaintiff falls within the class of persons who have the legal interest and legal capacity to bring the cause of action asserted. Horrell v. Horrell, 99-1093, pp.4-5 (La. App. 1 Cir. 10/6/00), 808 So.2d 363, 367-68, writ denied, 2001-2546 (La. 12/07/01), 803 So.2d 971. Whether a plaintiff has a right of action is a question of law. We review the question of law de novo. Horrell, 99-1093 at p.5, 808 So.2d at 368.
Louisiana Civil Code article 2315.1 provides in part:
A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
Louisiana Civil Code article 2315.2 provides in part:
A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.
(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.
Louisiana Civil Code article 197 provides:
A child may institute an action to prove paternity even though he is presumed to be the child of another man. If the action is instituted after the death of the alleged father, a child shall prove paternity by clear and convincing evidence.
For purposes of succession only, this action is subject to a peremptive period of one year. This preemptive period commences to run from the day of the death of the alleged father.
In Gibbs v. Delatte, XXXX-XXXX (La. App. 1 Cir. 12/22/05), 927 So.2d 1131, writ denied, XXXX-XXXX (La. 4/24/06), 926 So.2d 548, the plaintiffs, alleged halfsiblings of the decedent, brought a wrongful death and survival action against a truck driver and his employer to recover damages following a fatal traffic accident. The defendants filed a peremptory exception raising the objection of no right of action, asserting in part that since decedent did not initiate a timely filiation action, any filiation action that decedent could have instituted was prescribed. The trial court denied the peremptory exception raising the objection of no right of action, finding that the plaintiffs could proceed with the action although the decedent, prior to his death, had not been filiated to the common father through former La. C.C. art. 209.[2]
The Gibbs case came to this court on a writ application by the defendants, seeking review of the trial court's denial of their exception of no right of action. This court noted that the comments to La. C.C. art. 197 make it abundantly clear that the state's sole interest in placing time limitations on filiation actions is for succession purposes only. Gibbs, XXXX-XXXX at p. 13, 927 So.2d at 1139; La. C.C. art. 197, comment (e). This court found that former La. C.C. art. 209, which governed time limitations on filiation actions, did not apply to determinations of parent/child relationships for purposes of determining the siblings' right to bring a wrongful death and survival action. See Gibbs, XXXX-XXXX at pp. 14-15, 927 So.2d at 1140. The Gibbs court denied the writ application and found that the plaintiffs had established by clear and convincing evidence that they were the decedent's half-siblings and had a right of action to proceed under La. C.C. arts. 2315.1 and 2315.2. The case was remanded for further proceedings.
The reasoning in Gibbs applies to this case. Louisiana Civil Code article 197, which governs the time limitation for filiation actions, does not apply to the determination of the parent/child relationship (Marvin Brown/Kawonas Brown) for purposes of determining the Brown siblings' right to bring a wrongful death and survival action. See Gibbs, XXXX-XXXX at p. 15, 927 So.2d at 1140.
Since Marvin Brown is deceased, the burden of proof for the determination of the parent/child relationship is by clear and convincing evidence. The burden of proof by clear and convincing evidence requires a party to persuade the trier of fact that the fact or causation sought to be proved is highly probable, i.e., much more probable than its non-existence. Gibbs, XXXX-XXXX at p. 15, 927 So.2d at 1140.
We find that the evidence, which includes the deposition testimony of Swacey Brown, Sherry Brown, and Renay Brown, acknowledging that Marvin Brown had a daughter named Kawonas Brown, plus the testimony of Kawonas Brown that Marvin Brown was her father, along with the statement by Marvin Brown to the health care providers at Mary Bird Perkins Cancer Center that he had a daughter who lived in Baton Rouge, met the burden of proof by clear and convincing evidence.
Thus, we affirm the trial court judgment sustaining the exception raising the objection of no right of action. Costs are assessed against Desiree Brown.
AFFIRMED.
NOTES
[1] Although only Desiree Brown was the plaintiff, the motion and order for appeal named all of the Brown siblings as appellants.
[2] Former Louisiana Civil Code articles 178 through 211 were revised, amended, and reenacted by Act 192 of 2005 to consist of Articles 184 through 198, effective June 29, 2005. With respect to a child's action to establish paternity, current La. C.C. art. 197 applies. See Sumner v. Munici-Adams, XXXX-XXXX (La. App. 1 Cir. 7/17/08), 2008 WL 2766849 *2, writ denied, 2008-2226 (La. 12/12/08), 996 So.2d 1118 (unpublished opinion).